■ JOSHUA E. HERMANCE, Appellant, v DADDY-O'S RESTAURANT CORPORATION, Respondent, et al., Defendants.—Levine, J. Appeal from an order of the Supreme Court (Kahn, J.), entered July 21, 1989 in Albany County, which granted defendant Daddy-O's Restaurant Corporation's motion to vacate a default judgment entered against it.

Plaintiff was allegedly injured at Daddy-O's Restaurant in the City of Albany when a stereo speaker that was suspended overhead fell on him. Plaintiff thereafter commenced this action against defendant Daddy-O's Restaurant Corporation (hereinafter defendant), as owner of the restaurant, and against defendants Capitol Automatic Music (hereinafter Capitol) and Daniel Morin, the parties that allegedly furnished, installed and maintained the speaker. The complaint alleges that defendants were negligent in failing to adequately install, inspect and maintain the speaker and in failing to warn customers of the restaurant of the dangerous condition.

Plaintiff effectuated service on defendant pursuant to Business Corporation Law § 306 by serving the Secretary of State with duplicate copies of the summons and complaint on February 5, 1988. The Secretary of State mailed the summons and complaint to defendant's designated corporate address, but the letter was returned "unclaimed". Defendant never answered or appeared in the action and plaintiff obtained a default judgment in March 1989. Defendant contends that it was unaware that plaintiff had commenced an action until March 1989, when it was served with a summons and cross claim by Morin and Capitol. In May 1989, defendant moved to vacate the default judgment. In support of its motion, Irwin Feldman, defendant's president, averred that he had never received notice of the original action and the default was unintentional. As to the merits of its defense, defendant

submitted affidavits stating that Capitol and Morin owned the speaker that fell and were responsible for installing and maintaining it. In addition, it was averred that a speaker had never come loose before and that defendant "did not install or maintain the speaker, did not control same, and had no prior knowledge that the speaker might pose a problem". Plaintiff opposed the motion, contending that defendant had not demonstrated a meritorious defense. Supreme Court granted the motion to vacate the default judgment and this appeal by plaintiff ensued.

Plaintiff's sole contention on appeal is that Supreme Court erred in granting the motion to vacate the default judgment because defendant failed to allege a meritorious defense. Specifically, plaintiff argues that defendant had a nondelegable duty to inspect and maintain the premises in a reasonably safe condition, and in the absence of a specific averment that its employees ever inspected or tested the apparatus securing the speaker, defendant failed to establish a meritorious defense. We disagree. The general rule is that an owner who hires an independent contractor to do work is not liable for the contractor's negligence which causes injury to third parties *(see,* 2B Warren, New York Negligence, Contractors, § 9.01 [1], at 141 [3d ed]). Moreover, "[t]he question of whether the duty imposed upon the owner was nondelegable, and whether the owner met the standard of care thus required, is ordinarily one of fact for determination by the jury" *(id.,* § 9.06 [1], at 161). Whether an exception applies which imposed a nondelegable duty upon defendant will depend on several factors, such as whether the work at issue could be characterized as inherently dangerous in nature *(see generally, id.,* § 9.08 [1], [2], at 171-176). Based upon the record before us, we are not persuaded that the facts support only the conclusion that a nondelegable duty existed in this case. Nor do we find the fact that there was no specific allegation that defendant's employees inspected the speaker to be fatal at this juncture where there is no evidence whatsoever to indicate that such inspection would have disclosed that the speaker's support was defective *(see, Buria v Rosedale Eng'g Corp.,* 7 AD2d 486, 487-488; *see also,* Restatement [Second] of Torts § 412, comment *e).* Thus, we find that defendant's averments set forth a potentially meritorious defense sufficient to entitle it to vacatur of the default judgment *(see, Advance Footwear Co. v Air Jamaica,* 98 AD2d 677).

Order affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.