■ KAREN S. "ANONYMOUS" et al., Respondents, v THOMAS STREITFERDT et al., Defendants, and TRUE CHURCH OF GOD, INC., et al., Appellants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on August 8, 1990, which granted defendants-appellants' motion for summary judgment pursuant to CPLR 3211 (a) (11) and 3212, to the extent of dismissing the complaint against defendants The True Church of God of Brampton, Canada, and The True Church of God of Jamaica upon submission of proof that said defendants are not incorporated, and granted plaintiffs' cross-motion for leave to serve an amended complaint, unanimously modified, on the law, to grant the motion for summary judgment only to the extent of striking the plaintiffs' demand for punitive damages and otherwise the order is affirmed without prejudice to renewal upon completion of all discovery, without costs.

The defendants-appellants are The True Church of God, Inc., a religious corporation, its various trustees and officers, and several related religious entities. Under the by-laws of The True Church of God, Inc., defendant Thomas Streitferdt has nearly absolute authority over the church, its trustees and officers, its membership, and the related churches. The plaintiff minors, by their father and natural guardian, sue on various causes of action based on their allegation that defendant Thomas Streitferdt, who is represented by separate counsel and was not a party to the underlying motion, raped, sodomized and sexually abused them while they were under his religious guidance.

In opposition to the appealing defendants' motion for summary judgment, the plaintiffs submitted an affidavit of their mother, a former member of the church. This affidavit, and the constitution and by-laws of The True Church of God, Inc., suggest that there is a close relation and little distinction among the various entities, with complete domination of the churches and their members by defendant Streitferdt, the members of his family, and his close confidantes. The record suggests that much about the relationship among the various defendants has been hidden. Accordingly, there is a likelihood that discovery would yield essential facts otherwise in the

exclusive control of the defendants *(see, Goldheart Intl. v Vulcan Constr. Corp.,* 124 AD2d 507, 508). Such discovery is necessary before the arguments of the defendants can be tested on a motion for summary judgment.

The demand for punitive damages should, however, have been stricken. Even where there is gross negligence, punitive damages are awarded only in "singularly rare cases" such as cases involving an improper state of mind or malice or cases involving wrongdoing to the public *(Rand & Paseka Mfg. Co. v Holmes Protection,* 130 AD2d 429, 431, *lv denied* 70 NY2d 615). Here, there is no allegation that the appealing defendants acted with malicious intent toward the plaintiffs in supervising the activity of defendant Streitferdt *(see, Jakobsen v Wilfred Labs.,* 99 AD2d 525).

The individual defendants' motion for dismissal pursuant to CPLR 3211 (a) (11) was properly denied. The defendants did not present "presumptive evidence of uncompensated status" in that they did not present "an affidavit of the chief financial officer of the corporation, association, organization or trust." (CPLR 3211 [a] [11].) Further, "there is a reasonable probability that the specific conduct of such defendant[s] alleged constitutes gross negligence" (CPLR 3211 [a] [11]). If the appealing defendants did act as the plaintiffs allege, they may be found to have proceeded in reckless disregard of the consequence of their acts *(Rand & Paseka Mfg. Co. v Holmes Protection, supra).*

The complaint should be dismissed as against those defendants that are unincorporated associations *(Mounteer v Bayly,* 86 AD2d 942). Given the nature of this case, however, the IAS court did not abuse its discretion by requiring specific proof that those defendants are unincorporated associations, and not merely accepting the conclusory allegation of a single individual defendant.

Leave to amend was properly granted. The defendants had the burden of overcoming a presumption of validity of the proposed new pleadings, and of demonstrating that the facts alleged are not reliable or are insufficient; the facts need not be proven at the repleading stage *(Daniels v Empire-Orr, Inc.,* 151 AD2d 370). The defendants, having submitted no papers in opposition to cross-motion, did not sustain this burden. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Asch, JJ.