■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. AMELIA MALTESE, Individually and as Executrix of MARIO MALTESE, Deceased, Appellant-Respondent, v WESTINGHOUSE ELECTRIC CORPORATION, Respondent-Appellant. SAVINO STALLONE et al., Appellants-Respondents, v WESTINGHOUSE ELECTRIC CORPORATION, Respondent-Appellant. JOSEPH ASARO, as Executor of MELCHIORE CHIARENZE, Deceased, Respondent, v A.C. & S., INC., et al., Defendants, and MARIO & DIBONO PLASTERING COMPANY, Appellant. [640 NYS2d 488]

The trial court properly set aside the verdict finding intentional acting in concert (*see,* CPLR 1602 [11]). There was no evidence of a concerted effort to suppress information about asbestos injury or to deceive or mislead asbestos victims (*cf., City of New York v Lead Indus. Assn.,* 190 AD2d 173, 177-178). Plaintiffs did not demonstrate there was a common design or plan to commit a tortious act, or that any act in furtherance of such an agreed purpose was committed (*see, Rastelli v Goodyear Tire & Rubber Co.,* 79 NY2d 289, 295). No fair view of the evidence supports the conclusion that defendant Westinghouse acted with reckless disregard (*see,* CPLR 1602 [7]) of the practical consequences of inaction as to asbestos safety. Furthermore, the evidence does not show this to be one of the "singularly rare cases" where punitive damages are warranted by "extreme aggravating factors such as improper state of mind or malice" (*Rand & Paseca Mfg. Co. v Holmes Protection,* 130 AD2d 429, 431, *lv denied* 70 NY2d 615).

The trial court did not improvidently exercise its discretion in choosing the reverse-bifurcated format for this joint trial (*see, Matter of New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases],* 188 AD2d 214, 224-225, *affd* 82 NY2d 821). Although plaintiffs implicitly concede that the jury should not have been charged as to liability of defendant Mario & DiBono under Labor Law § 200, the error was harmless. The correct principles regarding a party's nondelegable common-law duty when engaged in inherently dangerous activities (*see, Hermance v Daddy-O's Rest. Corp.,* 159 AD2d 924, 925), which a contractor owes to all on the site, including those employed by other parties (*see, Chainani v Board of Educ.,* 87 NY2d 370), were adequately conveyed in the charge as a whole (*see, Schmeider v Montefiore Hosp. & Med. Ctr.,* 122 AD2d 735, *lv denied* 69 NY2d 605). The trial court properly declined, on the damages trial, to charge the jury in accord with *Dafler v Raymark Indus.* (259 NJ Super 17, 611 A2d 136, *affd* 132 NJ 96, 622 A2d 1305), both in light of the expert testimony at bar,

and as a matter of being " ' "realistically fair" ' " (*Five Towns Coll. v Citibank*, 108 AD2d 420, 433) in the task of apportionment (*see also, Martin v Owens-Corning Fiberglas Corp.*, 515 Pa 377, 384, 528 A2d 947, 950).

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Tom, JJ.