OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division insofar as appealed from should be affirmed, with costs.
 

 Mario Maltese and Savino Stallone were mechanics at Consolidated Edison Company’s New York City powerhouses. Maltese worked at Con Edison’s Hudson Avenue and Astoria powerhouses from 1951 through 1985. Stallone worked at the Hudson Avenue facility from 1946 until 1981. Both men contracted mesothelioma, a rare form of cancer, as a result of their exposure to, among other things, the dust generated by maintenance and repair of asbestos-insulated turbines that defendant Westinghouse Corporation had sold to Con Edison.
 

 Plaintiff-appellants (Maltese’s estate, Stallone and his wife) brought suit in Supreme Court seeking damages for their injuries from multiple defendants, including Westinghouse. The case was consolidated with several others, the jury finding Westinghouse 20% liable for plaintiffs’ injuries. The jury further found that Westinghouse demonstrated reckless disregard for the safety of Maltese and Stallone — making the corporation jointly liable for plaintiffs’ noneconomic damages
 
 (see,
 
 CPLR 1602 [7]) — and that an award of punitive damages against Westinghouse was appropriate. On Westinghouse’s posttrial motion, the trial court set aside those portions of the verdict finding reckless disregard for the workers’ safety and assessing punitive damages. Judgment was thereafter entered, and the Appellate Division affirmed.
 

 We agree with the trial court and Appellate Division as to the finding of reckless disregard, concluding that no valid line of reasoning and permissible inferences could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial
 
 (Cohen v Hallmark Cards,
 
 45 NY2d 493, 499).
 

 In
 
 Saarinen v Kerr
 
 (84 NY2d 494) we addressed the level of conduct required to establish "reckless disregard for the safety of others” under Vehicle and Traffic Law § 1104 (e). We adopted a gross negligence standard, requiring that " 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow’ and has done so
 
 *957
 
 with conscious indifference to the outcome”
 
 {id.,
 
 at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]). Applying that standard here, we conclude that the evidence is insufficient to support the jury’s finding of reckless disregard for the workers’ safety. At most, the evidence reveals Westinghouse’s general awareness that exposure to high concentrations of asbestos over long periods of time could cause injury, but not that workers such as Maltese or Stallone were at risk at any time it could have warned them.
 

 Our conclusion makes it unnecessary for us to consider whether the same, or a higher, standard applies to punitive damages.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur; Judge Titone taking no part.
 

 Order, insofar as appealed from, affirmed, with costs, in a memorandum.