■ NORMA-JEAN BOTHMER, Individually and as Administratrix of the Estate of BERNARD V. BOTHMER, Appellant, v SCHOOLER, WEINSTEIN, MINSKY & LESTER, P. C., et al., Respondents. [698 NYS2d 486] —Order, Supreme Court, New York County (Carol Huff, J.), entered May 15, 1998, which, in an action by plaintiff client against defendant accountants stating, insofar as pertinent to the appeal, separate causes of action styled as negligence, gross negligence, and malpractice, insofar as appealed from as limited by plaintiff's brief, granted defendants' motion for summary judgment to the extent of dismissing plaintiff's demand for punitive damages under her cause of action for gross negligence, unanimously modified, on the law and upon a search of the record, to dismiss plaintiff's demands for punitive damages under her other causes of action as well, and otherwise affirmed, without costs.

While summary judgment dismissing the cause of action for gross negligence may, as the IAS Court held, be precluded by an issue of fact as to "whether defendants acted without the slightest care and regard to [plaintiff's and her decedent's] rights", raised by "the fact that the alleged malpractice continued over the course of six years", such issue does not preclude dismissal of the punitive damages claim under such cause of action. "Even where there is gross negligence, punitive damages are awarded only in 'singularly rare cases' such as cases involving an improper state of mind or malice or cases involving wrongdoing to the public." (*Karen S. "Anonymous" v Streitferdt*, 172 AD2d 440, 441, quoting *Rand & Paseka Mfg. Co. v Holmes Protection*, 130 AD2d 429, 431, *lv denied* 70 NY2d 615.) Here, there is no showing that defendants' repeated error was motivated by malice or a desire to benefit themselves at plaintiff's and her decedent's expense, or that such error " 'was so outrageous as to evince a high degree of moral turpitude and showing such wanton dishonesty as to imply a criminal indifference to civil obligations' " (*Walker v Stroh*, 192 AD2d 775, 776, quoting *Zarin v Reid & Priest*, 184 AD2d 385, 388, citing *Walker v Sheldon*, 10 NY2d 401, 405). This reasoning is equally applicable to plaintiff's demands for punitive damages under the causes of action for malpractice and negligence, and upon a search of the record (*see, Chateau D'If Corp. v City of New York*, 219 AD2d 205, 209-210, *lv denied* 88 NY2d 811), those demands are dismissed as well. We have considered

plaintiff's other arguments and find them unpersuasive. Concur—Sullivan J. P., Nardelli, Mazzarelli, Wallach and Friedman, JJ.