■ HERBERT MOSKOWITZ et al., Respondents, v CHAMBERS DELI CORP., Defendant, and ANTHONY C. LERUDIS, Appellant. [704 NYS2d 17] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered November 20, 1998, awarding plaintiffs damages against the individual defendant, and bringing up for review an order, dated September 23, 1998, which,

in an action by a plaintiffs landlords for a fraudulent conveyance allegedly made by defendant corporate tenant to its principal, the individual defendant, denied the individual defendant's motion to vacate an order, entered November 9, 1998, granting plaintiffs' motion to strike his answer upon his failure to submit opposition papers, severing the claim for attorneys' fees and directing a hearing on their reasonable value, and directing entry of judgment in the amount demanded in the complaint, plus interest, costs and disbursements, unanimously modified, on the law and the facts, to vacate the judgment and remand the matter for a hearing on damages, and otherwise affirmed, without costs.

Defendant's excuse for not opposing plaintiffs' motion to strike his answer for willful noncompliance with a disclosure order—that he believed that the filing of his personal bankruptcy proceeding discharged plaintiffs' fraudulent conveyance claim—is not credible, particularly since the document demand underlying the disclosure order was made at least six months before defendant even filed for bankruptcy, and the disclosure order itself preceded the filing by two months. Nor did defendant come forward with documentation substantiating his self-serving, conclusory claim that he took only a "modest salary" from the corporate defendant, whose income was used mainly to pay employees' wages and other operating costs. We would also note, as did the motion court, that defendant inexplicably waited eight months before moving to vacate his default. Nevertheless, the judgment must be vacated since the record does not contain a verified complaint or proof by affidavit made by plaintiffs of the facts constituting the claim (CPLR 3215 [f]; *see, Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572). Such defect can be cured by testimony at an inquest, which should have been directed since plaintiffs' damages cannot be determined without resort to proof extrinsic to rent provisions of the lease on which the corporate defendant had defaulted (*cf., supra*). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.