■ SERAFINA ROSARIO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [707 NYS2d 421] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered August 19, 1999, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to strike defendant's answer, directed entry of judgment in plaintiff's favor on the issue of liability, and set the matter down for an inquest as to damages, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion denied and the answer reinstated.

While it is true that the imposition of sanctions for discovery misfeasance is a matter within the motion court's discretion (*Palmenta v Columbia Univ.*, 266 AD2d 90; *Gomez v New York*

*City Hous. Auth.*, 217 AD2d 110, 114), the extreme sanction of dismissal is warranted only where a clear showing has been made that non-compliance with a discovery order was willful, contumacious, or due to bad faith (*see, Stone v Speiser*, 267 AD2d 157; *Corner Realty 30/7 v Bernstein Mgt. Corp.*, 249 AD2d 191; *Corsini v U-Haul Intl.*, 212 AD2d 288, 291, *lv dismissed in part and denied in part* 87 NY2d 964; *Rubin v Pan Am. World Airways*, 128 AD2d 765).

In this matter, we find that the motion court improvidently exercised its discretion in striking defendant's answer as the record contains no evidence that defendant's actions were willful, contumacious, or taken in bad faith. Indeed, each witness produced by defendant possessed some degree of knowledge about the brickwork where the accident purportedly occurred and the subject premises in general. Further, plaintiff was advised as early as 1997 that a retired employee of defendant, Jose Rodriguez, was the Supervisor of Grounds at the time of the alleged incident and would likely have extensive knowledge of the subject brickwork, yet plaintiff failed to pursue a non-party deposition. Concur—Sullivan, P. J., Nardelli, Mazzarelli and Saxe, JJ.