■ CHADBOURNE & PARKE L. L. P., Respondent, v JOHN B. COLEMAN, Appellant. [722 NYS2d 147] —Order, Supreme Court, New York County (Jane Solomon, J.), entered April 10, 2000, which denied defendant's motion to vacate the default judgment entered against him on February 22, 2000 based on his failure to timely respond to plaintiff's discovery requests, unanimously reversed, on the law, without costs, the motion granted and the default judgment vacated.

Plaintiff commenced this action in June 1999 to recover unpaid legal fees and disbursements resulting from representation provided defendant. When defendant failed to respond to certain discovery demands, plaintiff moved, pursuant to CPLR 3124, to compel disclosure and for a default judgment pursuant to CPLR 3126 in the event that defendant failed to comply with any court order compelling disclosure. Plaintiff did not request an immediate default judgment. Defendant neither opposed this motion nor provided the discovery responses.

The IAS court, instead of granting a conditional order to compel discovery, struck defendant's answer and awarded plaintiff a default judgment. Within a week thereafter, defendant moved to vacate the default judgment, alleging he had been unable to provide the discovery due to extensive travel as well as health problems. Defendant also claimed that he had understood plaintiff's motion as seeking a conditional order which, if not subsequently followed, could later form the basis for a default judgment. The IAS court then denied this motion to vacate, finding that defendant had still failed to provide the discovery sought.

Striking a party's pleading is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious or in bad faith (see, Rosario v New York City Hous. Auth., 272 AD2d 105; Pyfrom v Tishman Constr.

*Co.*, 270 AD2d 24). Here, plaintiff's motion only sought a conditional order; the relief granted was greater than that requested or warranted. Even had plaintiff moved for such relief, the complaint was not verified and the record does not contain an affidavit of merit by plaintiff on the underlying motion documenting the amount due or the invoices supporting plaintiff's claim, so that the judgment is subject to vacatur in any event (*see, Moskowitz v Chambers Deli Corp.*, 269 AD2d 198). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Wallach and Buckley, JJ.