■ GORDANA PACHECO et al., Appellants, v JONATHAN SNEL-LENBURG, Respondent. [726 NYS2d 624] —Order, Supreme Court, New York County (Carol Huff, J.), entered February 15, 2000, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion for summary judgment denied, and the complaint reinstated.

The motion court improperly granted summary judgment dismissing the complaint on an assumption of risk theory. We find that the collision with defendant bicyclist was not an ordinary risk inherent in the activity of jogging in the park (*see*, *Morgan v State of New York*, 90 NY2d 471, 484). Given plaintiff's position on the park roadway, immediately alongside runners participating in an organized foot race who occupied the two narrow inner lanes, she did not assume the risk of being struck by a bicyclist. Further, there exists a question of fact as to whether defendant exercised reasonable care in riding his bicycle in an area a "couple of feet" away from the runners and from the plaintiff, rather than in the outermost part of the lanes designated for such purpose. Concur—Nardelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.

■ YAKOV ADZHIASHVILI, Respondent, v JOY-LUD DISTRIBUTORS, INT'L., INC., Appellant. [725 NYS2d 39] —Order, Supreme Court, New York County (Jane Solomon, J.), entered April 12, 2000, which denied defendant's motion to vacate the order of the same court and Justice, entered on or about August 31, 1999, striking its answer based on its failure to comply with an interim discovery order and its counsel's failure to appear at a discovery related conference, unanimously reversed, on the law and the facts, with costs, the motion granted and the answer reinstated.

The penalty of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith. (*See*, *Rosario v New York City Hous. Auth.*, 272 AD2d 105; *Pyfrom v Tishman Constr. Co.*, 270 AD2d 24.) Here it cannot be said that defendant's failure to answer the first 10 questions was a willful failure to disclose where defendant received two sets of interrogatories dated the same date, one of which did not include the disputed 10 questions. Further the sanction was improper inasmuch as defendant made partial disclosure and explained that the deficiency was due to difficulty in obtaining documents from Russia. Concur—Williams, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.