■ DAVID TSAI, Appellant, v BEREGES HERNANDEZ, Respondent. [725 NYS2d 340] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about April 12, 2000, which denied plaintiff's cross motion for an extension of time to place his action on the trial calendar and dismissed the action, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the cross motion granted, the dismissal vacated, and the matter remanded for further proceedings.

Plaintiff, who allegedly sustained severe injuries in a 1996 auto accident allegedly involving defendant, commenced the present action in February 1998. Issue was joined with service of the answer in June 1999, plaintiff served defendant with his verified bill of particulars in August 1999, and a preliminary conference was conducted in September 1999. At the conference, a discovery schedule was established providing for depositions to be conducted on November 24, 1999, directing plaintiff to appear for an independent medical exam within 45 days of the deposition, directing that discovery be completed by February 24, 2000, and directing plaintiff to file a note of issue on or before that latter date. The court also directed that it be advised of the calendar number of this action on or before February 24, 2000, and that, in the absence of such notification, the court would deem the action abandoned and dismiss it. Plaintiff claims the note of issue was served on February 16, 2000, which defendant disputes, claiming it was not filed until February 28, 2000. The note of issue, which was rejected by the Clerk of the Court on or about February 28, 2000, contains no file stamp. On or about March 8, 2000, defendant moved to strike the matter from the trial calendar and to vacate the

note of issue and certificate of readiness, and to direct plaintiff to comply with outstanding discovery. Plaintiff cross-moved to extend the time to place the matter on the trial calendar. Each party by affirmation contended that the other party delayed depositions. The court granted the motion without any explanation and dismissed the action.

Dismissal is the most drastic sanction contemplated by CPLR 3126 for failure to comply with discovery. Ordinarily, we look to whether the party seeking disclosure clearly demonstrates that the failure to disclose was willful, contumacious or manifested bad faith (*Dauria v City of New York*, 127 AD2d 459; *Chadbourne & Parke v Coleman*, 281 AD2d 278), evidenced, for example, by the deliberate destruction of evidence (*A Creations v Allison Che Fashions*, 280 AD2d 387) or repeated failures to appear for scheduled depositions or to provide responsive answers when finally appearing (*Gaye v Adnom Realty*, 278 AD2d 43), factors not present here. To the contrary, this case involves, at most, a four-day delay in filing the note of issue. Conclusive evidence of any delay is lacking, let alone conclusive evidence of a pattern of delay. At most, we have conflicting allegations, and the court declined to make findings or even explain the basis for its imposition of dismissal as a sanction. Dismissal under these circumstances was improvident. Moreover, no 90-day demand was served by defendant on plaintiff (CPLR 3216; *Hodge v New York City Tr. Auth.*, 273 AD2d 42) and, finally, we note that the court granted relief not requested. Concur—Rosenberger, J. P., Nardelli, Tom, Andrias and Ellerin, JJ.