■ APW, INC., et al., Respondents, v MARX REALTY & IMPROVEMENT CO. INC., et al., Appellants. (And Other Actions.) [739 NYS2d 114] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered July 17, 2000, which, inter alia, only conditionally granted defendants' motions to dismiss plaintiffs' claim for lost profits pursuant to CPLR 3126, and denied defendants' motions for partial summary judgment dismissing plaintiffs' claims for asbestos-related damages, lost profits and punitive damages, unanimously modified, on the law, to grant defendants' motion for partial summary judgment insofar as to dismiss plaintiffs' claims for punitive damages, and otherwise affirmed, without costs.

The motion court exercised its discretion properly in limiting

the sanction pursuant to CPLR 3126 for plaintiffs' delay in answering defendants' bill of particulars respecting plaintiffs' claimed lost profits to a conditional dismissal and an award of costs (*see, Chadbourne & Parke v Coleman*, 281 AD2d 278, *lv dismissed* 97 NY2d 638). Also proper was the court's denial of partial summary judgment dismissing plaintiffs' lost profits claims upon the ground that the rent abatement clause in the subject Lease Amendment constituted a liquidated damages clause precluding plaintiffs from recovering for any delay in reopening their store, since the purported liquidated damages provision does not provide for damages bearing a reasonable relationship to plaintiffs' losses by reason of the complained of lengthy store closure allegedly attributable to defendants' negligence (*see, BDO Seidman v Hirshberg*, 93 NY2d 382, 395). Nor did the motion court err in denying partial summary judgment dismissing plaintiffs' claims for asbestos related damages, since defendants failed to demonstrate, as a matter of law, that the Lease Amendment required plaintiffs to bear the costs of asbestos removal, where, as here, the removal for which plaintiffs seek to recover was not a necessary incident of the contemplated construction but was evidently occasioned solely by defendants' negligence. We modify only to grant that branch of defendants' partial summary judgment motion seeking dismissal of plaintiffs' claim for punitive damages. This is not the "singularly rare case" where the wrong complained of, having been actuated by an improper state of mind or malice, or having resulted in public harm, justifies an exemplary award (*see, Karen S. "Anonymous" v Streitferdt*, 172 AD2d 440, 441, citing *Rand & Paseka Mfg. Co. v Holmes Protection*, 130 AD2d 429, 431, *lv denied* 70 NY2d 615). Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.