■ Anthony Espinosa et al., Respondents, v Jay Rand, Appellant, et al., Defendants. (And a Third-Party Action.) [806 NYS2d 186]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered August 12, 2004, which denied defendant Jay Rand's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

It is defendant Rand's contention that he may not be held individually liable for the harm alleged by plaintiffs since he was at all relevant times acting on behalf of the corporate defendant, DKSR Holding Ltd., the landlord of the apartment building where plaintiffs were tenants. However, "a corporate officer who participates in the commission of a tort may be held individually liable, regardless of whether the officer acted on behalf of the corporation in the course of official duties and regardless of whether the corporate veil is pierced" (*American Express Travel Related Servs. Co. v North Atl. Resources*, 261 AD2d 310, 311 [1999]).

In this case, plaintiff mother alleges that, when she told Rand of her fear that her apartment posed a danger of lead poisoning to her children, Rand misled her, either intentionally or negligently, by telling her "not to worry because lead paint has not been used in this building [for] over ten years." Such a misrepresentation, if proven and shown to have induced detrimental

reliance, would provide a basis for imposing liability on Rand individually, even though he allegedly spoke on behalf of the corporation (*see American Express Travel Related Servs. Co., Inc. v North Atl. Resources, supra; see also Ideal Steel Supply Corp. v Fang,* 1 AD3d 562, 563 [2003]). Accordingly, unlike *Worthy v New York City Hous. Auth.* (21 AD3d 284 [2005]), the record in this case raises an issue of fact as to whether the corporate landlord's principal personally committed a tortious act for which he may be held individually liable. We note, however, that, on the record presented here, section 27-2114 (e) of the Administrative Code of the City of New York apparently does not apply. Concur—Buckley, P.J., Tom, Saxe, Friedman and Marlow, JJ.