# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1321**
**CA 10-02145**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND SCONIERS, JJ.

---

IN RE: EIGHTH JUDICIAL DISTRICT ASBESTOS
LITIGATION.
--------------------------------------------------
STEPHEN DRABCZYK, AS EXECUTOR OF THE ESTATE OF     MEMORANDUM AND ORDER
RONALD DRABCZYK, DECEASED, PLAINTIFF-RESPONDENT,


                        V

FISHER CONTROLS INTERNATIONAL, LLC,
DEFENDANT-APPELLANT.

---

CONNORS & VILARDO, LLP, BUFFALO (LAWRENCE J. VILARDO OF COUNSEL), AND
HAGERTY & BRADY, FOR DEFENDANT-APPELLANT.

BELLUCK & FOX, LLP, NEW YORK CITY (SETH A. DYMOND OF COUNSEL), AND
JOYCE & JOYCE ASSOCIATES, BARNSTABLE, MASSACHUSETTS, FOR
PLAINTIFF-RESPONDENT.

---

        Appeal from a judgment of the Supreme Court, Erie County (John P.
Lane, J.H.O.), entered September 17, 2010.  The judgment awarded
plaintiff money damages upon a jury verdict.

        It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the award of punitive
damages and as modified the judgment is affirmed without costs.

        Memorandum:  Defendant appeals from a judgment awarding plaintiff
compensatory and punitive damages in this wrongful death action based
upon the exposure of plaintiff's decedent to asbestos contained in
valves produced by defendant.  The evidence presented at trial
established that, in the course of his employment from 1970 until
1996, decedent repaired and refurbished valves produced by defendant.
Approximately one half of the valves that defendant sold to
decendent's employer contained asbestos.  The evidence further
established that decedent was exposed to asbestos from other sources,
both in his work environment beginning in 1965 and in prior employment
in the 1950s and 1960s.  The jury apportioned 5% of the liability for
damages for decedent's pain and suffering to defendant.  Following the
verdict on liability, the jury determined that defendant acted with
reckless disregard for decedent's safety and thus that defendant's
liability was not limited to 5% of the verdict (*see* CPLR 1601 [1];
1602 [7]).  The jury thereafter awarded plaintiff punitive damages.

        Although we agree with defendant that Supreme Court erred in

charging the jury that defendant could be liable for decedent's exposure to asbestos contained in products used in conjunction with defendant's valves (*see generally Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 297-298), we nevertheless conclude that the error is harmless.

We reject defendant's contention that there is no valid line of reasoning and permissible inferences that could lead a rational jury to conclude that defendant acted with reckless disregard for decedent's safety by failing to warn him of the dangers associated with the use of its products containing asbestos (*see generally Matter of New York City Asbestos Litig.*, 89 NY2d 955, 956, *affg* 225 AD2d 414; *Cohen v Hallmark Cards*, 45 NY2d 493, 499).  We recognize that the Court of Appeals declined to determine whether the reckless disregard standard or a higher standard applies to the issue of punitive damages (*see New York City Asbestos Litig.*, 89 NY2d at 957).  We therefore conclude that, because the jury found that defendant acted with reckless disregard for decedent's safety, the court did not abuse its discretion by charging the jury on the issue of punitive damages.

Although the determination whether to award punitive damages and in what amount those damages should be awarded generally rests within the sound discretion of the trier of fact, this Court may nevertheless exercise its own discretion in reviewing the determination (*see Nardelli v Stamberg*, 44 NY2d 500, 503-504).  We conclude that the evidence does not establish "this to be one of the 'singularly rare cases' where punitive damages are warranted" (*New York City Asbestos Litig.*, 225 AD2d at 415).  Plaintiff's expert testified that he used transmission electronic microscopy to establish that the level of asbestos to which decedent may have been exposed from defendant's products exceeded the Occupational Safety and Health Administration (OSHA) standards established in 1976 and revised in 1986.  That technology, however, was not available in the 1970s and 1980s.  The measurements taken by plaintiff's expert using contrast microscopy were well below the OSHA standards of 1986.  We therefore conclude that plaintiff failed to establish that defendant " 'engaged in outrageous or oppressive intentional misconduct or [acted] with reckless or wanton disregard of [the] safety or rights' " of decedent (*Ross v Louise Wise Servs., Inc*., 8 NY3d 478, 489).  We therefore modify the judgment by vacating the award of punitive damages.

In light of our determination, we do not address defendant's remaining contentions concerning the award of punitive damages.

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court