Hauerstock v Barclay St. Realty LLC (2019 NY Slip Op 00355)





Hauerstock v Barclay St. Realty LLC


2019 NY Slip Op 00355


Decided on January 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2019

Renwick, J.P., Manzanet-Daniels, Gische, Mazzarelli, Kahn, JJ.


154743/14 8127 8126

[*1]Debra Hauerstock, etc., et al., Plaintiffs-Appellants-Respondents,
v
Barclay Street Realty LLC, et al., Defendants-Respondents-Appellants, Saladino Furniture Inc., et al., Defendants-Respondents.


Stadtmauer & Associates, New York (Marc A. Stadtmauer of counsel), for appellants-respondents.
Landman Corsi Ballaine & Ford P.C., New York (Joshua Deal of counsel), for respondents-appellants.
McGivney Kluger & Cook, P.C., New York (Anthony Nwaneri of counsel), for Saladino Furniture Inc., respondent.
Koster, Brady & Nagler, New York (Marc R. Wilner of counsel), for Saladino Group, Inc. and John Saladino, respondents.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered on or about August 10, 2017, which, to the extent appealed from as limited by the briefs, granted defendants Barclay Street Realty LLC (Barclay) and Glenwood Management Corp. (Glenwood)'s motion for summary judgment dismissing the complaint as against them and all cross claims asserted against them, except as to plaintiffs' causes of action for common-law negligence and for negligence based upon Multiple Dwelling Law § 78, and granted defendants Saladino Furniture Inc. (SFI), Saladino Group Inc. (SGI), and John Saladino (Saladino)'s separate motions for summary judgment dismissing the complaint as against them and all cross claims asserted against them, unanimously affirmed, without costs.
We agree with Supreme Court that Local Law No. 1 (2004) of City of New York (codified at Administrative Code of City of New York §§ 27-2056.1 - 27-2056.18) applies to elements, fixtures, and improvements of a multiple dwelling, and not to movable or removable decorative furnishings. Under this interpretation, we further agree that Local Law No. 1 does not impose on Barclay and Glenwood, which owned and managed the subject building, respectively, a duty to remediate the lead-based paint hazard posed by the decorative columns in the building's lobby - which were both movable and removable - prior to being notified by the Health Department that the columns, in fact, contained lead-based paint.
Supreme Court did, however, err in interpreting the scope of a property owner's duty under Multiple Dwelling Law § 78. "At common law[,] landlords had no duty to maintain leased premises, other than common areas, in good repair" (Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 643 [1996] [citation omitted]). Multiple Dwelling Law § 78 expanded this duty to include not only common areas of dwellings, but the entire dwelling, as well as the land upon which it is situated. It did not, however, impose liability upon a property owner for a dangerous or defective condition of which it had no actual or constructive notice.
Nevertheless, Supreme Court correctly declined to dismiss plaintiffs' claims for common-[*2]law negligence and pursuant to Multiple Dwelling Law § 78 as against Barclay and Glenwood, since Barclay and Glenwood failed to establish prima facie that the antique columns which they purchased and placed in the building's lobby were in reasonably safe condition, and that they lacked actual and constructive notice that the columns contained lead-based paint (see generally Chapman v Silber, 97 NY2d 9 [2001]).
The court properly dismissed the action as against SFI, since the only evidence suggesting its involvement in the procurement of the subject columns was inadmissible hearsay, and as against Saladino, since there was no basis for imposing liability against him in his individual capacity (see Peguero v 601 Realty Corp., 58 AD3d 556, 559 [1st Dept 2009]; Espinosa v Rand, 24 AD3d 102, 102 [1st Dept 2005]).
We also agree with Supreme Court that SGI was a casual seller of the subject columns, and therefore not subject to strict products liability (see Stiles v Batavia Atomic Horseshoes, 81 NY2d 950 [1993]; Sukljian v Ross & Son Co., 69 NY2d 89 [1986]). The record demonstrates that its sale of the subject columns to Barclay and Glenwood was an incidental part of its interior design services, and that SGI was not regularly engaged in the procurement or sale of such artifacts or antiques.
Since the record demonstrates that SGI did not know that the subject column contained lead-based paint at the time that it procured it for Barclay and Glenwood, SGI did not breach its duty, as a casual seller, to warn Barclay and Glenwood "of known defects that are not obvious or readily discernible" (Sukljian, 69 NY2d at 97). In any event, the column's age and the fact that its paint was chipped and peeling were obvious.
Finally, plaintiffs' punitive damages claim was properly dismissed as against all defendants. The record contains no evidence that any of the defendants acted wilfully or maliciously - or, as plaintiffs suggest, recklessly - in placing the subject columns in the building's lobby. "This is not the singularly rare case' where the wrong complained of, having been actuated by an improper state of mind or malice, or having resulted in public harm, justifies an exemplary award" (APW, Inc. v Marx Realty & Improvement Co., 291 AD2d 333, 334 [1st Dept 2002]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 17, 2019
CLERK