Maffei v A.O. Smith Water Prods. Co. (2022 NY Slip Op 06555)

Maffei v A.O. Smith Water Prods. Co.

2022 NY Slip Op 06555

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kern, J.P., Scarpulla, Rodriguez, Pitt, Higgitt, JJ. 

Index No. 190378/18 Appeal No. 16680 Case No. 2021-04690 

[*1]Romeo Maffei, Plaintiff-Respondent,
v
A.O. Smith Water Products Co., et al., Defendants, J-M Manufacturing Company, Inc., Defendant-Appellant.

Manning Gross + Massenburg, LLP, New York (Anna Hwang of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Jason P. Weinstein of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about June 4, 2021, which, to the extent appealed from, denied the motion of defendant J-M Manufacturing Company (JMM) for summary judgment dismissing plaintiff's punitive damages demand, unanimously reversed, on the law, without costs, and the motion granted.
Defendant is a former distributor of asbestos cement pipe (ACP). Plaintiff, a commercial contractor, alleges that he was exposed to asbestos when he worked with ACP sold by defendant. In support of his contention for punitive damages, plaintiff asserts that defendant concealed the hazardous nature of its product by failing to affix warning labels to all the pipes it distributed.
Despite plaintiff's contentions, the demand for punitive damages should have been stricken. "Even where there is gross negligence, punitive damages are awarded only in 'singularly rare cases' such as cases involving an improper state of mind or malice or cases involving wrongdoing to the public" (Anonymous v Streitferdt, 172 AD2d 440, 441 [1st Dept 1991], quoting Rand & Paseka Mfg. Co. v Holmes Protection, 130 AD2d 429, 431 [1st Dept 1987], lv denied 70 NY2d 615 [1988]). This is not such a singularly rare case (see Matter of New York City Asbestos Litig., 225 AD2d 414, 415 [1st Dept 1996], affd 89 NY2d 955 [1997]; see also Matter of Eighth Jud. Dist. Asbestos Litig., 92 AD3d 1259 [4th Dept 2012], lv denied 19 NY3d 803 [2012]). There is no evidence of a concerted effort to suppress information about the dangers of asbestos. To the contrary, the product came with multiple warnings that it could not safely be worked with using dry saws or the like. To the extent that those warnings were not present on each piece of pipe might evidence negligence, it does not evidence malice (compare Matter of 91st St. Crane Collapse Litig., 154 AD3d 139 [1st Dept 2017]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022