## Pefanis v A.O. Smith Water Prods. Co

2024 NY Slip Op 32973(U)

August 21, 2024

Supreme Court, New York County

Docket Number: Index No. 190302/2020

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ADAM SILVERA                              PART                    13

Justice

------------------------------------------------------------------X

JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE OF ANNA M. BUCZYNSKI,

                          Plaintiff,

                    - v -

A.O. SMITH WATER PRODUCTS CO, AMCHEM PRODUCTS, INC.,   N/K/A RHONE POULENC AG COMPANY,   N/K/A BAYER CROPSCIENCE INC, DAP, INC, DONALD DURHAM COMPANY, GENERAL ELECTRIC COMPANY, H.M. ROYAL, INC, PFIZER, INC. (PFIZER), PECORA CORPORATION, R.T.VANDERBILT HOLDING COMPANY, INC, SHERWIN WILLIAMS COMPANY, U.S. RUBBER COMPANY (UNIROYAL), UNION CARBIDE CORPORATION, WEIL-MCLAIN, A DIVISION OF THE MARLEY-WYLAIN COMPANY,   A WHOLLY OWNED SUBSIDIARY OF THE MARLEY COMPANY, LLC,VANDERBILT MINERALS LLC INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO INTERNATIONAL TALC COMPANY, INC.,

                        Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 190302/2020 |
| MOTION DATE | 02/01/2024, 02/16/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 196

were read on this motion to/for                   JUDGMENT - SUMMARY         .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 193, 194, 195

were read on this motion to/for                   JUDGMENT - SUMMARY         .

     Upon the foregoing documents, it is ordered that the instant motions for summary judgment seeking dismissal of this action pursuant to CPLR § 3212 are decided in accordance with the decision below. Here, defendant Donald Durham Company (Durham) moves to dismiss this action (mot. seq. no. 001) on the basis that plaintiff has failed to establish causation.

**190302/2020   JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE OF ANNA M. BUCZYNSKI vs. A.O. SMITH WATER PRODUCTS CO ET AL**
**Motion No.  001 002**

**Page 1 of 7**

1 of 7

Defendant Vanderbilt Minerals, LLC (Vanderbilt) cross-moves to join defendant Durham in its motion for summary judgment pursuant to CPLR 3212 and incorporates defendant Durham's arguments. By separate motion (mot. seq. no. 002), defendant Vanderbilt moves for summary judgment seeking to dismiss this action as against it, or in the alternative, to dismiss specific causes of action. Thereafter, plaintiff and defendant Vanderbilt executed a Stipulation to Dismiss Certain Causes of Action, dated March 20, 2024. Thus, the remaining relief sought by defendant Vanderbilt in mot. seq. no. 002 is to dismiss this action as against it, or alternatively, to dismiss the claim for punitive damages. Defendant Vanderbilt argues that summary judgment must be granted for the reasons stated by defendant Durham, as defendant Vanderbilt's only connection to the instant action is due to its talc being a component ingredient in defendant Durham's water putty.

The Court notes that summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853. Additionally, summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579,

**190302/2020   JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE OF ANNA M. BUCZYNSKI**          **Page 2 of 7**
**vs. A.O. SMITH WATER PRODUCTS CO ET AL**
**Motion No.  001 002**

[* 2]

2 of 7

580 (1st Dep't 1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted).

As such, summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979). Furthermore, the Appellate Division, First Department has held that on a motion for summary judgment, it is moving defendant's burden "to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury". *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 (1st Dep't 1995).

The appropriate standard in a motion for summary judgment for defendant can be found in *Dyer v AmChem Products Inc.*, 207 AD3d 408, 409 (1st Dep't 2022). In *Dyer*, defendants were granted summary judgment not by "simply argu[ing] that plaintiff could not affirmatively prove causation" but by "affirmatively prov[ing], as a matter of law, that there was no causation." *Id.* The Appellate Division, First Department, recently affirmed this Court's decision in *Sason v Dykes Lumber Co., Inc., et. al.*, 2023 NYSlipOp 05796 (1st Dep't 2023), stating that "the parties' competing causation evidence constituted the classic 'battle of the experts' " sufficient to raise a question of fact, and to preclude summary judgment.

Here, moving defendants rely upon three experts. Brittani D. McNamee, P.G., Ph.D. affirms that no asbestiform amphiboles were found in samples of Durham's putty tested for the presence of asbestos fibers. *See* Mot. Seq. No. 001, Affirmation in Support of Motion, Exh. F, Affirmation of Dr. Brittani McNamee, at p. 2. Certified industrial hygienist and toxicologist Dr. Scott Dotson performed an air sampling test of Durham's putty in which a team collected fifty-nine personal and area air samples during use of Durham putty and concluded that Durham's

**190302/2020   JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE OF ANNA M. BUCZYNSKI          Page 3 of 7**
**vs. A.O. SMITH WATER PRODUCTS CO ET AL**
**Motion No. 001 002**

[* 3]                                            3 of 7

putty does not contain asbestos fibers, but thirteen of the samples contained amphibole cleavage fragments. *See* Affirmation in Support, *supra*, Exh. G, Affirmation of Dr. Scott Dotson, at p. 2. He states that non-asbestiform minerals, such as cleavage fragments, are not as toxic as asbestiform fibers due to differences in physical properties and opines that there is no evidence of increased change of mesothelioma from exposure to non-asbestiform amphiboles. *See id.* Pulmonologist Dr. David Weill states that cleavage fragments "are naturally occurring and do not meet the true definition of an asbestos fiber" and "there is no animal or human data that implicates these fragments as a cause of disease". *See* Affirmation in Support, *supra*, Exh. H, Report of Dr. David Weill dated September 1, 2022 at p. 66.

In opposition, plaintiff offers the opinions of four experts. Toxicologist Dr. James S. Webber, Ph.D. states that the cleavage fragments are indistinguishable from asbestiform fibers and that Vanderbilt talc contained asbestos fibers. *See* Mot. Seq. No. 001, Plaintiff's Affirmation in Opposition to Defendant Donald Durham Company's Motion for Summary Judgment, Exh. 22, Report of Dr. Webber dated March 16, 2024 at p. 15, 39. In addition, Dr. Steven P. Compton, Ph.D., conducted a study in 2023 in which he analyzed air samples from a test chamber involving the mixing, hand sanding, and power sanding of a 1979 one pound container of defendant Durham's water putty, and concluded that such activities released asbestos fibers in greater quantities than ambient levels. *See* Plaintiff's Affirmation in Opposition, *supra*, Exh. 23, Report of Dr. Compton dated September 7, 2023 at p. 2-3, 7. Industrial hygienist Kenneth S. Garza, CIH, MS and Dr. Mark Ellis Ginsburg also base their opinions on simulation studies performed on defendant Durham's putty and conclude that there are substantial asbestos fiber inhalation levels when workers performed the same types of work as plaintiff's husband and that the handling of asbestos contaminated clothes for laundering also creates substantial airborne

**190302/2020 JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE OF ANNA M. BUCZYNSKI** **Page 4 of 7**
**vs. A.O. SMITH WATER PRODUCTS CO ET AL**
**Motion No. 001 002**

[* 4]

4 of 7

asbestos fiber concentration levels. *See* Plaintiff's Affirmation in Opposition, *supra*, Exh. 25, Report of Dr. Garza dated February 26, 2024 at p. 8, 193-196, and Exh. 26, Report of Dr. Ginsburg dated February 29, 2023 at p. 30. Further, Dr. Ginsburg states that the findings of defendant Durham's experts, Dr. Dotson and Dr. McNamee, are in sharp contrast with the findings of Dr. Garza. Moving defendants reply. Here, the battle of the experts creates clear issues of fact precluding summary judgment.

In addition, in toxic tort cases, the New York Court of Appeals has adopted a gross negligence standard for the purposes of punitive damages, holding that punitive damages are warranted when "the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome." *Maltese v Westinghouse Elec. Corp.*, 89 NY2d 955, 956-957 (1997)(internal quotations omitted). "The purpose of punitive damages is not to compensate the plaintiff but to punish the defendant for wanton and reckless, malicious acts and thereby to discourage the defendant and other people, companies from acting in a similar way in the future". *Matter of 91st St. Crane Collapse Litig.*, 154 AD3d 139, 156 (1st Dep't 2017)(internal parentheses omitted).

Here, defendant Vanderbilt argues that plaintiff's punitive damages claims are improperly pled and unfounded, as it relied on studies ensuring its product was safe and swiftly responded to any controversy regarding asbestos. *See* Mot. Seq. No. 2, Memorandum of Law in Support of Vanderbilt Minerals, LLC's Motion for Summary Judgment or, in the Alternative, for Partial Summary Judgment, p. 20-22. Defendant Vanderbilt further argues that it was not responsible for manufacturing, packaging, and placing warning labels on Donald Durham Rock Hard Putty. *Id.* at 22. This is insufficient to meet its burden at summary judgment. Defendant

**190302/2020 JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE OF ANNA M. BUCZYNSKI**     **Page 5 of 7**
**vs. A.O. SMITH WATER PRODUCTS CO ET AL**
**Motion No. 001 002**

5 of 7

Vanderbilt has not offered any evidence that dispels with certainty questions of fact regarding their level of recklessness or wanton disregard regarding asbestos in its talc. Plaintiffs have submitted numerous documents indicating that defendant Vanderbilt was aware of the contamination in its talc but continued to use the same talc without warning the public. *See* Mot. Seq. No. 2, Plaintiff's Affirmation in Opposition to Defendant Vanderbilt Minerals, LLC's Motion for Summary Judgment at p. 26-28. The Court notes that where a plaintiff provides evidentiary facts tending to show that defendant's warnings were in any way deficient, the adequacy of such warnings are a factual question that should be resolved by a jury. *See Eiser v Feldman*, 123 AD2d 583, 584 (1986). The New York Court of Appeals has also held that "[a] products liability action founded on a failure to warn involves conduct of the defendant having attributes of negligence which the jury may find sufficiently wanton or reckless to sustain an award of punitive damages." *Home Ins. Co. v American Home Products Corp.*, 75 NY2d 196, 204 (1990) (internal citations omitted).

As a reasonable juror could decide that asbestos exposure from products purchased from defendant Durham were a contributing cause of plaintiff's mesothelioma, and that defendant Vanderbilt was on notice of its contaminated talc and that its subsequent conduct and usage of such talc rises to the level required for punitive damages, sufficient issues of fact exist to preclude summary judgment.

Accordingly, it is

ORDERED that defendants Donald Durham Company's and Vanderbilt Minerals, LLC's motions for summary judgment seeking to dismiss (mot. seq. no. 001 and 002) are denied in their entirety; and it is further

**190302/2020   JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE OF ANNA M. BUCZYNSKI**          **Page 6 of 7**
**vs. A.O. SMITH WATER PRODUCTS CO ET AL**
**Motion No. 001 002**

6 of 7

[* 6]

ORDERED that within 30 days of entry plaintiff shall serve all parties with a copy of this

Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| 8/21/2024 | | |
| --- | --- | --- |
| **DATE** | | **ADAM SILVERA, J.S.C.** |

CHECK ONE:      ☐ CASE DISPOSED      ☒ NON-FINAL DISPOSITION

                ☐ GRANTED   ☒ DENIED      ☐ GRANTED IN PART      ☐ OTHER

APPLICATION:      ☐ SETTLE ORDER      ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:      ☐ INCLUDES TRANSFER/REASSIGN      ☐ FIDUCIARY APPOINTMENT      ☐ REFERENCE

**190302/2020   JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE OF ANNA M. BUCZYNSKI**      **Page 7 of 7**
**vs. A.O. SMITH WATER PRODUCTS CO ET AL**
**Motion No.  001 002**

7 of 7