# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**651**

**CA 14-02303**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF THE EIGHTH JUDICIAL DISTRICT
ASBESTOS LITIGATION.
------------------------------------------------
BETH ANN PIENTA, AS SUCCESSOR EXECUTRIX OF THE
ESTATE OF LEE HOLDSWORTH, DECEASED, AND AS
EXECUTRIX OF THE ESTATE OF CAROL A. HOLDSWORTH,
DECEASED, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

A.W. CHESTERTON COMPANY, ET AL., DEFENDANTS,
AND CRANE CO., DEFENDANT-APPELLANT.

---

K&L GATES LLP, NEW YORK CITY (MICHAEL J. ROSS, OF THE PENNSYLVANIA
BAR, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ & PONTERIO, LLC, BUFFALO (JON NED LIPSITZ OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John P.
Lane, J.H.O.), entered April 15, 2013. The order, insofar as appealed
from, denied the motion of defendant Crane Co. for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this products liability action, plaintiff, on
behalf of Lee Holdsworth (decedent) and his deceased wife, seeks
damages for injuries sustained by decedent as a result of his exposure
to asbestos products used in conjunction with valves manufactured by
Crane Co. (defendant). The valves were part of a system that
transported steam throughout the industrial plant where decedent was
employed from 1956 to 1982. The complaint alleges that defendant
failed to warn decedent of the risk of asbestos in component parts,
i.e., gaskets and packing, used in conjunction with its valves.
Decedent was allegedly exposed to asbestos fibers when, in replacing
the worn-out component parts to defendant's valves, he scraped the
"baked on" asbestos material from the valves. We conclude that
Supreme Court properly denied defendant's motion seeking summary
judgment dismissing the complaint against it (*see generally Zuckerman
v City of New York*, 49 NY2d 557, 562).

Defendant contends that, because it did not produce or sell the
component parts containing asbestos, it did not place those parts into

the stream of commerce and thus cannot be liable for a failure to warn of the dangers associated with asbestos, relying on *Rastelli v Goodyear Tire & Rubber Co.* (79 NY2d 289).  We have recently rejected defendant's interpretation of *Rastelli* as applied to component parts containing asbestos that are used with its products (*see Matter of Eighth Jud. Dist. Asbestos Litig.*, 115 AD3d 1218, *lv granted* 24 NY3d 907), as has the First Department (*see Matter of New York City Asbestos Litig.*, 121 AD3d 230, *mot to dismiss appeal denied* 24 NY3d 1216).

It is well established that "a plaintiff may recover in strict products liability or negligence when a manufacturer fails to provide adequate warnings regarding the use of its product . . . A manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its products of which it knew or should have known" (*Rastelli*, 79 NY2d at 297).  Although the Court of Appeals determined that, under the facts presented in *Rastelli*, defendant Goodyear Tire & Rubber Co. was not liable for failing to warn about the potential dangers of mounting the tire on a multipiece rim, we conclude that the same result is not mandated here (*see New York City Asbestos Litig.*, 121 AD3d at 252).  Even assuming, arguendo, that defendant met its initial burden of establishing that its valves did not require components containing asbestos in order to perform as intended, we conclude that plaintiff raised an issue of fact whether defendant knew that components that did not contain asbestos would be unable to withstand the heat for the intended purpose of the valve when used in high pressure steam lines, that it intended that component parts containing asbestos would be used for that purpose, and thus that the exposure to asbestos when replacing those components to ensure that the valves functioned properly was foreseeable (*see generally Rastelli*, 79 NY2d at 297).  Defendant's reliance on our decision in *Matter of Eighth Jud. Dist. Asbestos Litg.* (92 AD3d 1259, 1260, *lv denied* 19 NY3d 803) is misplaced, because in that case there was no evidence that the valves required external insulation or that defendant knew that external insulation would be used (*see New York City Asbestos Litig.*, 121 AD3d at 249; *cf. Berkowitz v A.C.& S., Inc.*, 288 AD2d 148, 149).

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court