# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

456
CA 15-01240
PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

IN THE MATTER OF THE EIGHTH JUDICIAL DISTRICT
ASBESTOS LITIGATION.
--------------------------------------------
BETH ANN PIENTA, AS SUCCESSOR EXECUTRIX OF THE
ESTATE OF LEE HOLDSWORTH, DECEASED, AND AS
EXECUTRIX OF THE ESTATE OF CAROL A. HOLDSWORTH,
DECEASED, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

A.W. CHESTERTON COMPANY, ET AL., DEFENDANTS,
AND CRANE CO., DEFENDANT-APPELLANT.
(APPEAL NO. 4.)

K&L GATES LLP, NEW YORK CITY (MICHAEL J. ROSS, OF THE PENNSYLVANIA
BAR, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ & PONTERIO, LLC, BUFFALO (DENNIS P. HARLOW OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County
(Jeremiah J. Moriarty, III, J.), entered June 10, 2015. The judgment
awarded plaintiff money damages against defendant Crane Co.

It is hereby ORDERED that the judgment so appealed from is
unanimously vacated on the law without costs, the order entered July
10, 2014 is modified on the law by granting the postverdict motion in
part, setting aside the verdict in part, and granting a new trial on
the claim that defendant Crane Co. acted with reckless disregard for
the safety of plaintiff's decedent Lee Holdsworth, and as modified the
order is affirmed in accordance with the following memorandum: Crane
Co. (defendant) appeals from a judgment entered upon a jury verdict
finding that it is 35% liable for the damages arising from injuries
sustained by Lee Holdsworth (plaintiff's decedent) as a result of
exposure to asbestos-containing products used as component parts with
the valves that defendant produced. Because the jury determined that
defendant acted with reckless disregard for the safety of plaintiff's
decedent, defendant is jointly and severally liable for 100% of the
damages (*see* CPLR 1601 [1]; 1602 [7]). We agree with defendant that
Supreme Court erred in denying its request to charge the jury on
plaintiff's claim that it acted with reckless disregard for the safety
of plaintiff's decedent in accordance with the language set forth in
*Matter of New York City Asbestos Litig. (Maltese)* (89 NY2d 955, 956-
957). Indeed, although the court used the charge set forth in the

Pattern Jury Instructions, i.e., PJI 2:275.2, that charge does not accurately reflect the standard set by the Court of Appeals in *Maltese* because the charge in the Pattern Jury Instructions in effect reduced plaintiff's burden of proof on her claim that defendant acted with reckless disregard for the safety of plaintiff's decedent. We therefore vacate the judgment, and we modify the order denying defendant's postverdict motion by granting that part of the motion pursuant to CPLR 4404 to set aside the verdict on plaintiff's claim that defendant acted with reckless disregard for the safety of plaintiff's decedent and granting a new trial on that issue.

We reject defendant's further contention that the apportionment of 35% liability to defendant is against the weight of the evidence, and thus that the court erred in denying that part of its postverdict motion to set aside the verdict on that ground. It is axiomatic that a verdict may be set aside as against the weight of the evidence only if "the evidence so preponderate[d] in favor of the [defendant] that [the verdict] could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [internal quotation marks omitted]), and that is not the case here. Indeed, the court properly determined that defendant did not meet its burden of establishing the equitable shares of fault attributable to other tortfeasors in order to reduce its own liability for damages (*see Matter of New York City Asbestos Litig.*, 121 AD3d 230, 246-247, *mot to dismiss appeal denied* 24 NY3d 1216; *Zalinka v Owens-Corning Fiberglass Corp.*, 221 AD2d 830, 831-832).

We also reject defendant's contention that the court erred in denying that part of its postverdict motion seeking to require plaintiff to apply for recovery from trusts set up pursuant to 11 USC § 524 (g) for three bankrupt nonparty tortfeasors prior to entering judgment against defendant. General Obligations Law § 15-108 does not apply to reduce defendant's liability inasmuch as there has been no settlement between plaintiff and the respective trusts (*see DeSano v Tower*, 129 AD2d 976, 977), and the court had no express authority to require plaintiff to apply for proceeds from the respective trusts before judgment was entered (*cf. Matter of New York City Asbestos Litig.*, 37 Misc 3d 1232[A], 2012 NY Slip Op 52298[U], *27 [Sup Ct, NY County 2012]).

Finally, defendant failed to preserve for our review its contention that, based upon our decision in defendant's prior appeal from the order denying its motion for summary judgment dismissing the complaint against it (*Matter of Eighth Jud. Dist. Asbestos Litig.*, 129 AD3d 1502, 1504), the court erred in failing to instruct the jury that it must determine whether the valves could have operated effectively using component parts comprised of non-asbestos materials. Although the trial was concluded before our decision was released, defendant nevertheless was obligated to place the issue before the court, and it failed to do so (*see Sharrow v Dick Corp.*, 204 AD2d 966, 967, *revd on*

*other grounds* 86 NY2d 54).