■ Jennifer Ellis, Appellant, v Jennifer Park et al., Respondents, et al., Defendants. [940 NYS2d 78]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered November 24, 2010, which granted defendants' motions to dismiss the complaint pursuant to CPLR 3126, unanimously reversed, on the law and facts, without costs, and the motions denied.

Dismissal of the complaint was an improvident exercise of

discretion, since defendants failed to "show[ ] conclusively that [plaintiff's] failure to disclose was wilful, contumacious or in bad faith" (*Christian v City of New York*, 269 AD2d 135, 137 [2000]; *see also Mateo v T & H Enters.*, 60 AD3d 411 [2009]). Contrary to the motion court's findings, the record does not support the view that plaintiff repeatedly refused to comply with orders regarding disclosure. The argument that plaintiff responded only to defendant Prudential's demand for a bill of particulars and not the demand of the Park defendants, is belied by plaintiff's responses to the demand.

Moreover, the November 16, 2009 preliminary conference order directed plaintiff to be deposed on January 6, 2010. However, during a subsequent telephone conference with the court, plaintiff and the Parks agreed to postpone the deposition to a mutually convenient date. Thus, the fact that plaintiff was not deposed by January 6, 2010 does not constitute disobedience of a court order. Plaintiff appeared and was deposed on two dates set by the court and although it is true that on the third day of her deposition she said she could not stay beyond 11:45 A.M., she provided a reasonable explanation for having to leave and her counsel was actually engaged later that day. Concur—Mazzarelli, J.P., Friedman, Richter and Abdus-Salaam, JJ.