Michaluk v New York City Health & Hosps. Corp. (2019 NY Slip Op 01139)





Michaluk v New York City Health & Hosps. Corp.


2019 NY Slip Op 01139


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Moulton, JJ.


8390 805304/13

[*1]Danuta Michaluk, as Administratrix of the Estate of Jan Michaluk, Deceased, et al., Plaintiffs-Appellants,
v
New York City Health and Hospitals Corporation, Defendant-Respondent.


Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered May 16, 2018, which, in this action alleging medical malpractice and wrongful death, granted defendant's motion to dismiss the complaint pursuant CPLR 3126(3), unanimously reversed, on the law and the facts, without costs, and the motion denied.
The court improvidently exercised its discretion in determining that dismissal of the complaint was warranted. Defendant failed to make a clear showing that plaintiffs' failure to timely comply with their discovery obligations was wilful,
contumacious or in bad faith (see Ellis v Park, 93 AD3d 502 [1st Dept 2012]; Cespedes v Mike & Jac Trucking Corp., 305 AD2d 222, 222-223 [1st Dept 2003]). The record does not show that the delay in conducting the deposition of a certain doctor was clearly attributable to plaintiffs or that defendant has been prejudiced by the delay (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 319 [1986]). Although the parties blame each other for why the deposition of the witness was not completed on or before November 28, 2017, as required by the September 2017 order, the record shows that it did not go forward on December 28, 2017, because plaintiffs' counsel was injured in a motor vehicle accident two weeks earlier, which is a reasonable excuse for their failure to proceed. Since defendant never sought to compel disclosure or to have preclusionary language added to any of the parties' compliance orders, its motion to dismiss pursuant to CPLR 3126(3) was premature given the lack of evidence that plaintiffs' delay in conducting the deposition was willful, contumacious or due to bad faith (see W & W Glass, LLC v 1113 York Ave. Realty Co. LLC, 83 AD3d 438 [1st Dept 2011]). Furthermore, warnings in prior court orders that the deposition was not to be adjourned is not notice to plaintiffs that dismissal of the complaint may result should it not go forward (see Armstrong v B.R. Fries & Assoc., Inc., 95 AD3d 697, 698 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK