■ In the Matter of MARK OBENHAUS et al., Respondents, v MICHAEL HUDSON et al., Appellants, et al., Respondents. [599 NYS2d 258] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 23, 1992, which granted petitioners' CPLR article 78 petition to disqualify respondent David Rozenholc & Associates from representing respondent Michael Hudson on a pending Loft Board application, unanimously affirmed, with costs.

Respondent Michael Hudson and petitioners are tenants in a six story loft building. During the mid 1980's, the five tenants were involved in extensive disputes with the prior owner of the building. During the administrative proceedings before the Loft Board, all of the tenants were represented by the law firm of Fischbein, Olivieri, Rozenholc and Badillo. The matters regarding the tenants' administrative proceeding were handled primarily by Stuart Gruskin, an attorney with

the firm. Respondent Rozenholc was a senior partner of the firm at the time in charge of overseeing Gruskin's work on the tenants' behalf. According to the affidavits of Mark Obenhaus offered in support of the instant petition, Rozenholc was extensively involved in negotiations between the tenants and the building owners, which resulted in a settlement agreement with terms substantially favorable to petitioners.

After the settlement was concluded, the firm of Fischbein, Olivieri, Rozenholc and Badillo dissolved. Partners Fischbein and Badillo formed a new partnership, Fischbein, Badillo, Wagner and Itzler. Partner Rozenholc formed his own firm, the respondent Rozenholc & Associates. Subsequently, in or around May of 1991, respondent Michael Hudson filed a new Loft Board application, claiming that the owner substantially breached the promises which induced the 1986 settlement ageement, and seeking to set aside his waiver of the Loft Board procedures. Petitioners, however, opposed Hudson's application, and now seek to disqualify the firm of Rozenholc & Associates from representing Hudson on his present Loft Board application. The Loft Board declined to entertain the application, deferring the question to the courts.

The IAS Court properly disqualified respondent Hudson's attorneys. Petitioners were not required to produce any direct evidence of breach of a confidential relationship *(see, Nemet v Nemet,* 112 AD2d 359, *lv dismissed* 66 NY2d 602, 759). It suffices that Rozenholc and/or his prior firm represented petitioners "in matters related to the subject matter of the second representation" *(Cardinale v Golinello,* 43 NY2d 288, 295; *see also, Saftler v Government Empls. Ins. Co.,* 95 AD2d 54).

We have considered the respondents' remaining arguments on this appeal and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Asch and Ross, JJ.