■ DELMA CHRISTIAN, Respondent, v CITY OF NEW YORK et al., Defendants, and ON-SITE CONSTRUCTION AND DEVELOPMENT CORPORATION, Appellant. [703 NYS2d 5] —Order, Supreme Court, New York County (Louis York, J.), entered on or about

September 23, 1998, granting plaintiff judgment on default as to liability against defendant On-Site Construction and Development Corporation, and ordering an inquest on damages, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion denied, the judgment vacated and the matter remanded for further proceedings as conditioned herein.

Plaintiff commenced the instant action against the City of New York and other defendants alleging that she was injured when she slipped and fell on a defective repaved crosswalk. All parties were deposed in 1997. On November 7, 1997, she served a separate notice for discovery and inspection on each defendant, seeking, *inter alia*, information on all legal actions arising from the condition at the location of the incident. From On-Site and HRH, she also sought production of the names or last known addresses of various employees and supervisors who performed work on the project, copies of daily construction reports for the year preceding the incident, inspection reports, contracts with an asphalt subcontractor, financial records relating to repavement of the location, permits and additional documentation having to do with repaving the crosswalk. Initially, defendants partially responded, although HRH contended that it was not in possession of 15 of the 16 items sought. Plaintiff then moved to compel production. By stipulation dated April 29, 1998, pursuant to which the motion was withdrawn, On-Site agreed to provide all outstanding discovery within its possession by June 1, 1998, and HRH agreed to provide an affidavit regarding the status of the discovery inquiry.

On May 6, 1998, On-Site provided information regarding other legal actions and the address of the asphalt subcontractor, indicated that permits had already been provided by the City, and indicated that a search was being conducted for other documents. By motion returnable June 15, 1998, plaintiff moved to compel defendants to fully respond. On-Site, responding, averred on an item-by-item basis that it was not in possession of the remaining items; counsel indicated that On-Site was out of business, a factor in the delay and now in the non-availability of the missing documents. HRH submitted an affidavit indicating that it could not locate the remaining documents. The court, though, granted judgment on default as to liability against On-Site and set the matter down for an inquest on damages.

CPLR 3126 provides a range of options for a court to utilize in addressing a party's refusal to comply with a discovery or-

der, or a wilful failure to disclose information the court finds ought to have been disclosed. The drastic sanction of striking pleadings is only justified when the moving party shows conclusively that the failure to disclose was wilful, contumacious or in bad faith, a burden borne by the movant (*Orlando v Arcade Cleaning Corp.*, 253 AD2d 362). Generally, the sanction should be commensurate with the nature and extent of the disobedience (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:8, at 758). Plaintiff herein neither alleged nor conclusively demonstrated that On-Site acted wilfully, contumaciously or in bad faith, the court made no such finding, nor is such readily inferable from the record (*see, Corner Realty 30/7 v Bernstein Mgt. Corp.*, 249 AD2d 191, 193). The present record does not indicate whether the requested documents were even in existence at the time the action was commenced against On-Site, nor is it clear why On-Site's failure to maintain and preserve these records was more egregious than that of HRH. In view of the absence of any demonstration of wilful and contumacious conduct by On-Site, this imposition of the harshest penalty available to the court was an improvident exercise of discretion. Rather, a more appropriate remedy under these circumstances would have been to preclude On-Site from offering into evidence any of the undisclosed documents (*see, Summit Waterproofing & Restoration Corp. v Scarsdale Country Estates Owners*, 228 AD2d 431, 433) or from calling as witnesses any employees whose identities or addresses were not provided (*Schoffel v Velez*, 118 AD2d 492), upon which we condition our own order vacating the default judgment. Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Friedman, JJ.