■ JOHN E. KAUFFMAN et al., Appellants, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Respondent. [743 NYS2d 109] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered May 21, 2001, which granted plaintiffs' motion to strike defendant's answer only to the extent of extending plaintiffs' time to file a note of issue and granted defendant's cross motion for a protective order to the extent of precluding plaintiffs from demanding further discovery, unanimously modified, on the law, the facts and in the exercise of discretion, to grant plaintiffs' motion to the further extent of precluding defendant from offering testimony by any witness not already identified, and otherwise affirmed, without costs.

In this action to recover damages allegedly resulting from

injuries sustained by plaintiff John Kauffman when ice fell from the Throgs Neck Bridge onto his vehicle, the relief sought by plaintiffs for defendant's less-than-full compliance with plaintiffs' numerous discovery demands was plainly inappropriate since defendant's failure to fully comply was not willful, contumacious, or attributable to bad faith (*see, Rosario v New York City Hous. Auth.*, 272 AD2d 105). Indeed, given the 12 depositions of defendant's employees, defendant's production of nearly 150 pages of reports documenting incidents involving falling ice at every one of its facilities in the year preceding plaintiff's accident, as well as its production of extensive records regarding its rules, procedures and the regulations governing its bridges, blueprints of the subject bridge, time cards for all of its employees on duty at or around the time of the alleged accident, a facility phone log covering the day of the accident, and defendant's acquiescence in a nearly seven-hour-long search by plaintiffs for missing documents at defendant's storage facilities, the motion court's refusal to strike defendant's answer pursuant to CPLR 3126 was entirely proper.

However, in light of the repeated failure of defendant to provide the names of persons employed by it at the time of the subject incident, we find that defendant should be precluded from offering testimony of any such witness who has not been identified (*see, New v Scores Entertainment*, 255 AD2d 108).

We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Williams, P.J., Tom, Saxe, Friedman and Marlow, JJ.