■ Tomas Cespedes, Appellant, v Mike & Jac Trucking Corp. et al., Respondents. [758 NYS2d 489] —Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered on or about August 6, 2002, granting defendants' motion to dismiss the complaint for plaintiff's repeated failure to comply with outstanding discovery obligations, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the complaint reinstated.

CPLR 3126 (3) allows a court to sanction a party that refuses to comply with disclosure orders or wilfully fails to disclose information that the court concludes should have been disclosed, including the sanction of striking that party's pleadings. While trial courts are accorded wide discretion in fashioning appropriate sanctions (*Gomez v New York City Hous. Auth.*, 217 AD2d 110, 114 [1995]), striking the pleading should be restricted to occasions when the failure to comply or disclose is found to be wilful, contumacious or in bad faith (*Kauffman v Triborough Bridge & Tunnel Auth.*, 295 AD2d 171 [2002]). Such may be illustrated by, but is not limited to, instances when a party deliberately destroys evidence, or repeatedly fails to appear for scheduled depositions while also failing to provide responsive answers upon appearing (*Tsai v Hernandez*, 284 AD2d 116 [2001]), or when the failures to appear or

comply are repetitive (*Hudson View II Assoc. v Miller*, 282 AD2d 345 [2001], *lv dismissed* 96 NY2d 937 [2001]). Although present plaintiff complied late, nevertheless he has fully complied with outstanding discovery obligations, he has provided a reasonable excuse for his dilatoriness and there is no indication of bad faith. Concur—Tom, J.P., Saxe, Williams, Lerner and Marlow, JJ.