■ MARIA BASABE, Respondent, v JOSEPH CARROZZA, Respondent, and SOBEIDA SANTANA et al., Appellants. [966 NYS2d 71]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered September 24, 2012, which granted plaintiff's motion for summary judgment on the issue of liability, and denied defendants Sobeida Santana and VIP Car Service Inc.'s cross motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

While there is evidence that defendant Carrozza violated Vehicle and Traffic Law § 1141 by turning left into the intersection without yielding the right-of-way to defendant Santana, whose vehicle was approaching from the opposite direction, there are triable issues of fact whether Santana, in whose vehicle plaintiff was a passenger, also violated the Vehicle and Traffic Law by failing to avoid the accident and speeding (see Vehicle and Traffic Law § 1180 [a], [e]). Santana stated both that she did not see Carrozza's vehicle until just before the collision and that she had a clear view of the road and was watching for oncoming traffic. Thus, an issue of fact exists whether she failed to observe what should have been observed. In addition, plaintiff testified that Santana was traveling at about 50 or 60 miles per hour, and increased her speed upon entering the intersection. Carrozza also stated that Santana was traveling about 50 miles per hour, which was above the speed limit.

Santana presented no evidence to support her contention that she was faced with an emergency situation.

Plaintiff's entitlement to partial summary judgment as a blameless passenger is not contingent upon the apportionment of liability between Santana and Carrozza (see Petty v Dumont, 77 AD3d 466 [1st Dept 2010]). Concur—Acosta, J.P., Renwick, Richter and Feinman, JJ.