■ TRIBECA SPACE MANAGERS, INC., Appellant, v TRIBECA MEWS LTD. et al., Respondents. [28 NYS3d 869]—

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered August 6, 2015, which, to the extent appealed from, denied plaintiff's motion to strike defendants' answer, unanimously modified, on the law, the facts, and in the exercise of discretion, to impose a further sanction on defendants of $1,000, and otherwise affirmed, without costs.

The motion court providently exercised its discretion in declining to strike defendants' answer (*see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc.*, 22 NY3d 877, 880 [2013]). Although defendants' conduct was dilatory and

obstructive, the extreme sanction of striking the answer is not warranted, since plaintiff failed to show conclusively that defendants' conduct was willful, contumacious, or in bad faith (*see Christian v City of New York*, 269 AD2d 135, 137 [1st Dept 2000]). Defendants ultimately complied with three discovery orders, paid a $2,000 discovery sanction, and provided an explanation for their failure to timely comply with the orders—namely, their difficulty in recovering data from their computer system.

A further monetary sanction, however, is warranted. Defendants did not pay the $2,000 sanction until almost four months after the court-ordered deadline for such payment. They also failed to explain why they asserted, in support of their motion to strike plaintiff's first note of issue, that "crucial" depositions were required, and then never noticed or took the depositions before seeking to strike plaintiff's second note of issue on the same basis. Concur—Sweeny, J.P., Saxe, Moskowitz and Webber, JJ.