■ PETER CASANAS et al., Respondents, v THE CARLEI GROUP, LLC, et al., Appellants. [52 NYS3d 330]—

Order, Supreme Court, New York County (David B. Cohen, J.), entered March 15, 2016, which, to the extent appealed from as limited by the briefs, denied defendants' motion to strike the complaint pursuant to CPLR 3126 and to declare that plaintiffs do not have a valid lease for the subject premises, unanimously affirmed, with costs.

The motion court providently exercised its discretion in denying defendants' motion for an order striking the complaint, since such a drastic sanction is generally warranted "only upon a clear showing that the party's conduct was willful and contumacious" (*CEMD El. Corp. v Metrotech LLC I*, 141 AD3d 451, 453 [1st Dept 2016]; *see Perez v New York City Tr. Auth.*, 73 AD3d 529 [1st Dept 2010]). Here, the record does not clearly support defendants' contentions that plaintiffs submitted a "phony" version of their lease, that they wilfully delayed in disclosing various versions of the lease, or that their deposition testimony about when the landlord's principals executed the lease was knowingly false.

Concerning the delay in providing complete document disclosure, plaintiff Peter Casanas averred that the original lease had always been kept in a file in plaintiffs' home office, but that all of their papers were thrown into boxes and moved to a storage unit after there was a fire in the building while they were away. Peter's brother, defendant Richard Casanas,

does not dispute that the fire occurred or that he had access to plaintiffs' apartment in the days following the fire. In light of the reasonable excuse provided by plaintiffs concerning the disarray of their papers, and their showing that they repeatedly searched for relevant documents and produced them when found, there is no indication of bad faith warranting the imposition of sanctions (*see Cespedes v Mike & Jac Trucking Corp.*, 305 AD2d 222 [1st Dept 2003]).

The record also fails to establish that plaintiffs' testimony concerning the timing of the execution of the lease, 23 years after the event occurred, was intentionally incorrect. To the contrary, plaintiffs had no reason to be dishonest on the issue, since it is not dispositive of their claim. Defendants' arguments raise issues of credibility that would be more appropriately addressed at trial. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.