Hickey v City of New York (2018 NY Slip Op 01650)





Hickey v City of New York


2018 NY Slip Op 01650


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Acosta, P.J., Richter, Kapnick, Kahn, Gesmer, JJ.


6004N 150139/10

[*1] David Hickey, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (John V. Fabiani, Jr. of counsel), for respondents.



Order, Supreme Court, New York County (George J. Silver, J.), entered July 1, 2016, which granted defendants' motion to vacate the note of issue to the extent of directing plaintiff to appear for independent medical examinations (IMEs) before defendants' three previously designated physicians within 90 days, unanimously affirmed, without costs.
The motion court providently exercised its discretion by permitting defendants to conduct further IMEs post-note of issue, while leaving the case on the trial calendar. The record supports the court's findings that defendants would be prejudiced by an inability to gain discovery into the effects of a 2014 car accident on plaintiff's preexisting injuries, and that, conversely, the post-note of issue discovery would not prejudice plaintiff (see Cabrera v Abaev, 150 AD3d 588 [1st Dept 2017]; Cuprill v Citywide Towing & Auto Repair Servs., 149 AD3d 442 [1st Dept 2017]; 22 NYCRR 202.21[d]). Nor did defendants engage in the kind of willful and contumacious dilatory tactics that would warrant denial of the motion (see Cespedes v Mike & Jac Trucking Corp., 305 AD2d 222 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK