**Vargas v Sarkar**

2020 NY Slip Op 35747(U)

December 21, 2020

Supreme Court, Bronx County

Docket Number: Index No. 30572/2018E

Judge: Ben R. Barbato

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

NEW YORK SUPREME COURT - COUNTY OF BRONX

CF#
601

PART 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

-------------------------------------------------------X

VARGAS

               -against-

MD SAAKAN          IST. AL

-------------------------------------------------------X

Index Nº.  30572/18E

Hon..  HON. BEN. R. BARBATO, J.S.C.

Justice.

| Case Disposed | ☐ |
| Settle Order | ☐ |
| Schedule Appearance | ☐ |

The following papers numbered 1 to _____ Read on this motion,

Noticed on _____ and duly submitted as No. _____ on the Motion Calendar of _____

| | PAPERS NUMBERED | |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | | |
| Answering Affidavit and Exhibits | | |
| Replying Affidavit and Exhibits | | |
| _____ Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers | | |
| Memoranda of Law | | |

Upon the foregoing papers this

Motion is decided in accordance
with memorandum decision filed
herewith

Motion is Respectfully Referred to:

Justice: _____

Dated: _____

Dated:  12 / 21 / 2020

Hon._____

HON. BEN. R. BARBATO, J.S.C.

[* 1]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, PART 14
-----------------------------------------------------------------------X

YLUMINADA VARGAS

               -against-

MD SARKAR, GUIMIN LIANG AND "JOHN
DOE" an unknown person intended to be the driver
of said motor vehicle owned by GUIMIN LIANG

-----------------------------------------------------------------------X

Index №. 30572/2018E

**Hon.**    **BEN R. BARBATO**

     Justice Supreme Court

The following NYSCEF docs numbered 11 to 27 were read on this motion (NYSCEF and CASE MANAGEMENT Seq. No.1) **DISMISS** noticed and submitted on October 22, 2020.

| | |
|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | NYSCEF No(s).  11-20 |
| Notice of Cross-Motion -Exhibits and Affidavits Annexed | NYSCEF No(s).   21-27 |
| Answering Affidavit and Exhibits | NYSCEF No(s). |

      Upon the foregoing papers, defendant Guimin Liang ("Liang") moves for an order pursuant to CPLR §3126, dismissing plaintiff's complaint or, in the alternative, precluding plaintiff from offering evidence of any injuries.  Plaintiff opposes the motion and cross-moves for an order granting plaintiff summary judgment on the issue of liability.

      The cause of action is for personal injuries allegedly sustained by the plaintiff in a motor vehicle accident that occurred on July 5, 2017 on Junction Boulevard in Queens County.

      Liang alleges that pursuant to a Preliminary Conference Order dated March 15, 2019, plaintiff was directed to appear for a physical examination 45 days after her deposition.  A Compliance Conference Order was held on October 25, 2019, directing that plaintiff appear for a physical examination within 30 days of her deposition.  Plaintiff's deposition was held on November 20, 2019 but plaintiff has not appeared for an independent medical examination ("IME").  An appointment was scheduled for an IME on June 25, 2020 but plaintiff failed to appear.  The appointment was then re-scheduled to August 13, 2020 but plaintiff again, failed to appear.  Additionally, Liang asserts that medical reports and certain authorizations have not been turned over by the plaintiff despite plaintiff being directed to do so in the Preliminary Conference Order. Therefore, the plaintiff's complaint should be dismissed or she should be precluded from offering evidence at trial as to her injuries.

      Plaintiff opposes the motion and takes issue with the fact that IMEs were scheduled during a "worldwide pandemic."  Plaintiff further contends that defendant has failed to make any

[* 2]

"good faith" efforts to resolve the issue of the IME by calling plaintiff's counsel and said defendant has also failed to appear for a deposition in violation of preliminary, compliance, and status conference orders.

Plaintiff further cross-moves for summary judgment on the issue of liability since plaintiff was a rear-seat passenger in a taxi operated by defendant MD Sarkar. In support of the cross-motion, plaintiff submits her deposition testimony as well as a copy of the police accident report. Plaintiff asserts in her deposition that the taxi she was riding in was involved in a motor vehicle accident. Plaintiff argues that as an "innocent passenger" she is entitled to summary judgment since she is not to blame for the accident. Moreover, her entitlement to summary judgment is not restricted by potential issues of comparative negligence between the drivers.

With respect to Liang's motion to dismiss pursuant to CPLR §3126, it has been held that, "The drastic sanction of striking pleadings is only justified when the moving party shows conclusively that the failure to disclose was willful, contumacious or in bad faith, a burden born by the movant…" (*Christian v. City of New York*, 269 A.D.2d 135 [1st Dept. 2000]). The court finds that Liang has failed to show that plaintiff's conduct in failing to appear for IMEs was willful, contumacious, or in bad faith.

Plaintiff's counsel appears to imply that plaintiff has not appeared for her IME due to the Covid-19 pandemic. However, the IMEs were scheduled for June of 2020 and August of 2020 and not in the early days of the pandemic. Moreover, plaintiff's counsel does not address why the outstanding authorizations and medical reports have not been provided to the moving defendant. CPLR §3126, "…broadly empowers a trial court to craft a conditional order – an order 'that grants the motion and imposes [a] sanction 'unless within a specified time the resisting party submits to the disclosure'" (citation omitted). *Gibbs v. St. Barnabas Hospital*, 16 N.Y.3d 74 [2010].

Accordingly, plaintiff is directed to provide the moving defendant with any outstanding medical reports and authorizations within thirty (30) days of the date of this order with notice of entry. Plaintiff is directed to appear for an IME within sixty (60) days of the date of this order with notice of entry. Failure of the plaintiff to comply may result in preclusion upon further application to the court.

Plaintiff's cross-motion for summary judgment on the issue of liability was unopposed.

[* 3]

To be entitled to the "drastic" remedy of summary judgment, the moving party "must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case." (*Winegrad v. New York University Medical Center*, 64 N.Y.2d 851 [1985]. The failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (*id., see also, Alvarez v. Prospect Hosp.,* 68 N.Y.2d 320, 324 [1986]). Once a movant meets his initial burden, the burden shifts to the opponent, who must then produce sufficient evidence, also in admissible form, to establish the existence of a triable issue of fact. (*Zuckerman v. City of New York*, 49 N.Y.2d 557 [1980]).

It is well established that, "…the right of an innocent passenger to summary judgment is not in any way restricted by potential issues of comparative negligence as between defendant and the driver of the vehicle in front…" (*Johnson v. Phillips*, 261 A.D.2d 269 [1st Dept. 1999]; *see also, Garcia v. Tri-County Ambulette Service, Inc.*, 282 A.D.2d 206 [1st Dept. 2001]). In the case at bar, the plaintiff has demonstrated her entitlement to summary judgment on the issue of liability. "Plaintiff's entitlement to partial summary judgment as a blameless passenger is not contingent upon the apportionment of liability between [the drivers] …" (*Basabe v. Carrozza*, 106 A.D.3d 641 [1st Dept. 2013]).

Accordingly, plaintiff's cross-motion for summary judgment on the issue of liability only, is granted.

This constitutes the Decision and Order of this Court.

Dated: 12/21/2020        Hon. _____

1. CHECK ONE.............................................  ☐ CASE DISPOSED IN ITS ENTIRETY     ☐ CASE STILL ACTIVE

2. MOTION IS...............................................  ☐ GRANTED     ☐ DENIED     ☐ GRANTED IN PART     ☐ OTHER

3. CHECK IF APPROPRIATE....................  ☐ SETTLE ORDER     ☐ SUBMIT ORDER     ☐ SCHEDULE
APPEARANCE
☐ FIDUCIARY APPOINTMENT     ☐ REFEREE APPOINTMENT

[* 4]