**Maddicks v 106-108 Convent BCR, LLC**

2025 NY Slip Op 31547(U)

April 29, 2025

Supreme Court, New York County

Docket Number: Index No. 656345/2016

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. SABRINA KRAUS**

*Justice*

PART     57M

---------------------------------------------------------------------------------X

THERESA MADDICKS, JOHN AMBROSIO, PAUL WILDER, SAMUEL WILDER, ALYSSA O'CONNELL, JOHANNA S. KARLIN, BRIAN WAGNER, TYLER STRICKLAND, DANIEL ROBLES, ELENA RICARDO, LIAM CUDMORE, JENNIFER MAK, JOSHUA BERG, ANISH JAIN, JOHN CURTIN, JONATHAN FIEWEGER, MARIA FUNCHEON, JORDANI SANCHEZ, MELLISA MICKENS, M.D. IVEY, DEVIN ELTING, SEMI PAK, KAITLIN CAMPBELL, SARAH NORRIS, MIKIALA JAMISON, SHERESA JENKINS-RISTEKI, YANIRA GOMEZ, KRISTEN PIRO

| INDEX NO. | 656345/2016 |
| --- | --- |
| MOTION DATE | 09/30/2024, 01/30/2025 |
| MOTION SEQ. NO. | 011 012 |

Plaintiffs,

- v -

106-108 CONVENT BCR, LLC,110 CONVENT BCR, LLC,408-412 PINEAPPLE, LLC,510-512 PINEAPPLE, LLC,535-539 WEST 155 BCR, LLC,3750 BROADWAY BCR, LLC,3660 BROADWAY BCR, LLC,605 WEST 151 BCR, LLC,545 EDGECOMBE BCR, LLC,

**DECISION + ORDER ON MOTION**

Defendants.

---------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 011) 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 339, 340, 343

were read on this motion to/for          SUMMARY JUDGMENT AS TO LIABILITY          .

The following e-filed documents, listed by NYSCEF document number (Motion 012) 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 341, 342, 344, 345, 346, 347, 348, 349

were read on this motion to/for          STRIKE PLEADINGS          .

## BACKGROUND

Plaintiffs commenced this class action lawsuit alleging that defendants have engaged in

an illegal scheme to inflate rents and deregulate apartments subject to rent regulation.

**656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC**
**Motion No.  011 011 012 012**

**Page 1 of 8**

1 of 8

[* 1]

Plaintiffs now move for partial summary judgment as to liability and for sanctions pursuant to CPLR §3126. The 3126 motion is granted to the extent set forth below and the motion for summary judgment is denied for the reasons set forth below. [1]

## CPLR 3126 Motion

Plaintiffs move for an order, pursuant to CPLR §3126: (a) striking defendants' answer, or (b) precluding defendants from introducing as evidence the discovery it wrongfully withheld from production. The motion focuses on the failure to have timely produced documents from the 1990s to 2012.

Defendants have made a substantial production which they allege took countless hours searching, compiling, digitizing tens of thousands of pages of documents for all 11 buildings. They assert the records produced represent every document they could locate dating back to 2012, which coincides with the class certification order. Defendants further assert that as the vast majority of the records predated the time when the documents were kept electronically, they had to go into storage and pull files one by one for this 12-year period of time, and that they even hired an outside service to help with the scanning and the organizing of the documents.

In response to plaintiffs' summary judgment motion, defendant submitted the affidavit of Kobi Zamir ("Zamir"), the Managing Member of Big City Realty Management, LLC ("Big City") which oversees the management of the subject properties herein. The affidavit indicates that while production of post 2012 documents was complete, production of documents from the 1990s through 2012 is not yet complete.

As of the date of oral argument, Defendants' counsel indicated that pre-2012 production had been substantially completed and would be final in a matter of weeks.

---

[1] The Court notes that at oral argument defendants withdrew their argument that the summary judgment motion should be denied as premature.

**656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC**          **Page 2 of 8**
**Motion No.  011 011 012 012**

[* 2]

"The remedy of striking a complaint pursuant to CPLR 3126 for failure to comply with a discovery order is appropriate only where the moving party demonstrates that the non-disclosure was willful, contumacious or due to bad faith (*see Cespedes v. Mike & Jac Trucking Corp.,* 305 A.D.2d 222, 758 N.Y.S.2d 489 [2003]; *Christian v. City of New York,* 269 A.D.2d 135, 703 N.Y.S.2d 5 [2000]; *McGilvery v. New York City Trans. Auth.,* 213 A.D.2d 322, 324, 624 N.Y.S.2d 158 [1995] )." *Weissman v. 20 E. 9th St. Corp.*, 48 A.D.3d 242, 243 (2008).

The Court does not find that the record herein supports such a sanction. Additionally, while discovery has been ongoing for many years, the number of documents included and the span of several decades makes the production daunting.

Given the above circumstances, the Court finds that defendants should be given one final opportunity to complete production of the pre-2012 documents. Defendants time to produce same is hereby extended through and including May 19th, 2025. Defendants shall be precluded from offering at trial any pre-2012 documents not produced by that date and any post 2012 documents which have not been previously produced.

### *Plaintiffs have failed to Establish the Right to Judgment as a Matter of Law on Liability*

Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist, and the movant is entitled to judgment as a matter of law. *Alvarez v. Prospect Hosp*., 68 N.Y.2d 320, 324 (1986). To establish entitlement to summary judgment, the moving party is required to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case." *Winegrad v. New York Univ. Med. Ctr*., 64 N.Y.2d 851 (1985). Only if the moving party satisfies this burden does the burden shift to the nonmoving party "to produce evidentiary proof in admissible form sufficient

**656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC**
**Motion No.  011 011 012 012**

**Page 3 of 8**

[* 3]

3 of 8

to establish the existence of material issues of fact which require a trial of the action." *Alvarez v. Prospect Hospital* 68 N.Y.2d 320, 324 (1986).

The Court must view the evidence "in a light most favorable to the party opposing the motion, giving [that party] the benefit of every favorable inference." *International Rescue Committee v. Reliance Insurance Co.*, 230 A.D.2d 641 (1st Dep't 1996).

"On its motion for summary judgment, Plaintiffs had the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (*see* CPLR 3212[b]; *Zuckerman v. City of New York,* 49 N.Y.2d 557, 561, 427 N.Y.S.2d 595, 404 N.E.2d 718)." *Englington Med., P.C. v. Motor Vehicle Acc. Indem. Corp.*, 81 A.D.3d 223, 229 (2011).

Plaintiffs in their notice of motion seek an order: (a) finding that defendants have engaged in a methodical attempt to illegally inflate rents; (b) appointing a special referee; and (c) providing preliminary determinations for guidance of the special referee. While Plaintiffs don't label their motion as a request for partial summary judgment, in fact this is the relief sought by Plaintiffs.

However, plaintiffs fail to meet the requirements in moving for summary judgment.

For example, plaintiffs fail to comply with Rule 202.8-g, as incorporated into this Court's Part Rules, which requires a short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. N.Y. Ct. R. 202.8-g (McKinney).

Additionally, CPLR 3212(b) provides in pertinent part:

 A motion for summary judgment **shall** be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions. The affidavit shall be by a person having knowledge of the facts; it shall recite all the material facts; and it shall show that there is no defense to the cause of action or that the cause of action or defense has no merit.

**656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC**      **Page 4 of 8**
**Motion No.  011 011 012 012**

4 of 8

N.Y. C.P.L.R. 3212 (McKinney)(emphasis added).  Plaintiffs motion is not supported by any affidavit and fails to meet the statutory prerequisite. While the complaint is annexed as an exhibit, it is an unverified complaint, and therefore can not be used in lieu of affidavits (CPLR 105(u); *Cupka v Remik Holdings LLC* 202 AD3d 473, 474 (1st Dept., 2022).

The Appellate Division, First Department has rejected such submissions as insufficient to make out a *prima facie* case for a fraudulent deregulation scheme in *Tribbs v. 326-338 E 100th LLC* 215 AD3d 480 (1st Dept., 2023) where the Appellate Division reversed the lower court's grant of summary judgment.  Similarly, in *SM Thomas v 560-566 Hudson LLC*, the Appellate Division reversed the lower court's grant of summary judgment holding:

> Plaintiffs did not provide sufficient prima facie evidence under *Roberts* to establish, as a matter of law, a fraudulent scheme to deregulate their apartments. Accordingly, the portion of the motion seeking summary judgment as to the first through fourth causes of action should have been denied rather than held in abeyance. The evidence that plaintiffs submitted in support of their motion consists solely of documentary evidence, including rent rolls for the buildings showing deregulated apartments, as well as free market leases and renewal leases, some of which disclaim receipt of J–51 benefits. Furthermore, plaintiffs did not provide any tenant affidavits concerning reliance and damages or clearly set out evidence of leasing history. This evidence, which does not demonstrate fraud as a matter of law (*see Regina,* 35 N.Y.3d at 356 n 7, 130 N.Y.S.3d 759, 154 N.E.3d 972), is insufficient on a motion for summary judgment to establish a fraudulent scheme to deregulate apartments in the buildings (*see Tribbs,* 215 A.D.3d at 481, 188 N.Y.S.3d 18).

*Thomas v. 560-566 Hudson LLC*, 219 A.D.3d 1193, 1194 (1st Dept., 2023).

Plaintiffs argue that these cases were overruled by *Najera-Ordonez v 260 Partners LP* where the Appellate Division held that "(c)ontrary to defendants' contention, the documents in the record on which plaintiffs' arguments rely were properly admitted through plaintiffs' counsel's affirmation (*see e.g. Zuckerman v City of New York*, 49 NY2d 557, 563 [1980])." *Najera-Ordonez v. 260 Partners, L.P.*, 217 A.D.3d 580, 581 (1st Dept., 2023).

However, counsel misreads *Najera-Ordonez v 260 Partners LP* which does not overrule *Tribbs* but merely stands for the well-established proposition that "(t)he affidavit or affirmation

**656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC**                    **Page 5 of 8**
   **Motion No.  011 011 012 012**

5 of 8

[* 5]

of an attorney, even if he has no personal knowledge of the facts, may, of course, serve as the vehicle for the submission of acceptable attachments which do provide 'evidentiary proof in admissible form', e. g., documents, transcripts." [*Zuckerman v. City of New York*, 49 N.Y.2d 557, 563, (1980)]. This neither detracts from the holding in *Tribbs* as to what is necessary to make out a *prima facie* case for fraudulent deregulation, nor eliminates the requirement in the statute that the motion be based on facts asserted by someone with first-hand knowledge. In fact, in *Najera-Ordonez v 260 Partners LP* the Appellate Division reversed the lower court's grant of summary judgment to the plaintiffs on liability and remanded the matter for further proceedings before the lower court. *Id.*

As far as evidence goes, plaintiffs submit DHCR registrations, a DOB permit and an incomplete IAI application for a single apartment. The registrations, while admissible through an attorney affirmation, are insufficient to establish liability. An increase in rent and failure to register the apartment with the Division of Housing and Community Renewal (DHCR), standing alone, are insufficient to establish a colorable claim of a fraudulent scheme to deregulate the apartment. *Ampim v. 160 E. 48th St. Owner II LLC*, 208 A.D.3d 1085, 1085–86 (1st Dept., 2022). There are no leases submitted, instead there are charts purporting to summarize documentary evidence that has never been presented to the Court and asking the Court to rely on counsel's assertion as to what is contained in those documents. This is simply insufficient to make out a *prima facie* case for summary judgment on liability.

Plaintiffs, citing *Hanjorgiris v Lynch*, 298 AD2d 251, 252 [1st Dept 2002], argue it is defendants' burden to establish that it made IAIs to the subject units, however, on this summary judgment motion, defendants have no burden until Plaintiffs make out a *prima facie* case, which they have failed to do. Additionally, *Hanjorgiris v Lynch* does not stand for the proposition for

**656345/2016  MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC**  **Page 6 of 8**
Motion No.  011 011 012 012

6 of 8

[* 6]

which plaintiffs cite it, but rather was an Article 78 proceeding wherein the Court affirmed a denial of the tenant's attempt to annul a DHCR determination denying tenant's overcharge complaint.

Finally, on March 1, 2024, the Governor signed into law Senate Bill 8011/Assembly Bill 8506 (the "Chapter Amendments"), which, *inter alia*, amended Section 2 of Part B of Chapter 760 the Laws of 2023 and provides in pertinent part:

> 2-a. When a colorable claim that an owner has engaged in a fraudulent scheme to deregulate a unit is properly raised as part of a proceeding before a court of competent jurisdiction or the state division of housing and community renewal, a court of competent jurisdiction or the state division of housing and community renewal shall issue a determination as to whether the owner knowingly engaged in such fraudulent scheme after a consideration of the totality of the circumstances.
>
> In making such determination, the court or the division shall consider all of the relevant facts and all applicable statutory and regulatory law and controlling authorities, provided that there need not be a finding that all of the elements of common law fraud, including evidence of a misrepresentation of material fact, falsity, scienter, reliance and injury, were satisfied in order to make a determination that a fraudulent scheme to deregulate a unit was committed if the totality of the circumstances nonetheless indicate that such fraudulent scheme to deregulate a unit was committed." (L 2024, ch 95, § 4.)

This totality of the circumstances standard is a fact based inquiry which includes a requirement, among other things, that the intention of the owner be assessed. This type of determination is not likely to be very susceptible to summary determination on motion papers and certainly not on the record before this Court.

### CONCLUSION

Wherefore it is hereby:

ORDERED that Motion Sequence 11 is denied in its entirety; and it is further

ORDERED that Motion sequence 12 is granted only to the extent of precluding

Defendants from offering at trial any pre-2012 documents not produced by May 19, 2025, and

**656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC**
**Motion No.  011 011 012 012**

**Page 7 of 8**

7 of 8

[* 7]

any post-2012 documents which have not been previously produced, and is otherwise denied; and it is further

ORDERED that the parties appear for a final virtual compliance conference on June 3, 2025, at 11:30 am, at which time a final deadline for the note of issue will be set by the Court.

This constitutes the decision and order of the Court.

20250429114420SBKRAUS767B8A3A9DB44DF38C200DC8DC53BC04

| **4/29/2025** | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **SABRINA KRAUS, J.S.C.** | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC**          **Page 8 of 8**
**Motion No.  011 011 012 012**

8 of 8