## Maddicks v 106-108 Convent BCR, LLC

2025 NY Slip Op 34411(U)

November 17, 2025

Supreme Court, New York County

Docket Number: Index No. 656345/2016

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. SABRINA KRAUS**

*Justice*

PART                57M

--------------------------------------------------------------------------------X

THERESA MADDICKS, JOHN AMBROSIO, PAUL WILDER, SAMUEL WILDER, ALYSSA O'CONNELL, JOHANNA S. KARLIN, BRIAN WAGNER, TYLER STRICKLAND, DANIEL ROBLES, ELENA RICARDO, LIAM CUDMORE, JENNIFER MAK, JOSHUA BERG, ANISH JAIN, JOHN CURTIN, JONATHAN FIEWEGER, MARIA FUNCHEON, JORDANI SANCHEZ, MELLISA MICKENS, M.D. IVEY, DEVIN ELTING, SEMI PAK, KAITLIN CAMPBELL, SARAH NORRIS, MIKIALA JAMISON, SHERESA JENKINS-RISTEKI, YANIRA GOMEZ, KRISTEN PIRO

| | |
|---|---|
| INDEX NO. | 656345/2016 |
| MOTION DATE | 10/09/2025 |
| MOTION SEQ. NO. | 013 |

Plaintiffs,

- v -

106-108 CONVENT BCR, LLC,110 CONVENT BCR, LLC,408-412 PINEAPPLE, LLC,510-512 PINEAPPLE, LLC,535-539 WEST 155 BCR, LLC,3750 BROADWAY BCR, LLC,3660 BROADWAY BCR, LLC,605 WEST 151 BCR, LLC,545 EDGECOMBE BCR, LLC,

Defendants.

**DECISION + ORDER ON MOTION**

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 013) 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 425, 426, 427, 428

were read on this motion to/for                  DISQUALIFY COUNSEL                .[1]

## BACKGROUND AND PENDING MOTIONS

This rent overcharge class action has been pending since 2016 and involves eleven buildings.  Defendants' current counsel first became involved in 2022, about the same time the litigation was assigned to this Court.

---

[1] The Court has considered the entire procedural history of the action and reviewed all NYSCEF documents in that regard.

656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC
Motion No.  013

Page 1 of 9

1 of 9

On November 6, 2025, Defendants moved by order to show cause for an order disqualifying Plaintiffs' counsel, and related relief, as Plaintiffs' counsel had previously represented Defendants and their predecessors in interest in landlord tenant litigation involving many of the same buildings and some of the same units.

On November 10, 2025, Plaintiffs cross-moved for an order seeking the production of additional discovery and for sanctions.

The motion and cross-motion are denied for the reasons set forth below.

## PROCEDURAL HISTORY

Plaintiffs commenced this action pursuant to a summons and complaint filed in December 2016. An amended complaint was filed in January 2017. Plaintiffs have been represented by the firm of Newman Ferrara LLP since the inception of the litigation.

Pursuant to a decision and order dated November 8, 2017 (NYSCEF Doc # 48) the Court (Edwards, J) dismissed the action against all Defendants based on a failure to state a cause of action and because the Court did not find the action was properly brought as a class action.

The Appellate Division modified this holding pursuant to a decision entered July 26, 2018 (163 AD3d 501) by denying the part of the motion seeking dismissal of the class action claims and reinstating Plaintiffs' claims against Defendants except to the extent those allegations addressed the cause of action for a violation of General Business Law §349.

In December 2018, the Court (D'Auguste, J) granted Plaintiffs' motion for a stay their obligation to move for class certification but directed that discovery should continue as to individual claims and defenses as if the claims were not raised in the context of a class action.

In April 2019, Plaintiffs moved for relief pursuant to CPLR 3126 based on their allegation that Defendants had failed to comply with outstanding discovery allegations. The

656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC
Motion No.  013

Page 2 of 9

[* 2]

motion was granted pursuant to a stipulation which provided only that Defendants would respond to the outstanding discovery requests (NYSCEF Doc # 94).

On October 22, 2019, the Court of Appeals affirmed the decision of the Appellate Division (34 NY3d 116).

In May 2019, Defendants responded to outstanding discovery requests (NYSCEF Doc #122). The response included several objections including an objection to the time-period for which discovery was sought. Plaintiffs' demands had sought documents going back to 2005. The only documents Defendants produced at that time were leases.

Plaintiffs filed another 3126 motion in October 2019 seeking the identical relief as the prior motion (Mo Seq No 5). Plaintiffs asserted that the only documents Defendants had produced in response to the outstanding demands were leases. On September 13, 2019, Defendants further supplemented Plaintiffs' Discovery Demands through the Supplemental Consolidated Responses to Plaintiffs' First Notices of Discovery and Inspection with over two hundred pages of documents (NYSCEF Nos. 113-120).

In connection with the motion, Defendants also provided a *Jackson* Affidavit from Kobi Zamir, dated November 12, 2019, which provided that he had conducted a search for additional leases, documents and/or communications concerning any J-51 benefits; Apartment Registrations; Documents and/or communications concerning any Individual Apartment Improvements ("IAIs") and any Major Capital Improvements ("MCIs"). There was no reference anywhere to the time-period for which Zamir had conducted his search.

On November 14, 2019, the parties entered a stipulation resolving the motion. The stipulation provided that Defendants would produce additional documents as specified in the

656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC          Page 3 of 9
Motion No.  013

3 of 9

[* 3]

stipulation by December 30, 2019, and that where there were no responsive documents a *Jackson* affidavit would be provided (NYSCEF Doc 139).

On March 16, 2020, Plaintiffs moved to amend their complaint because the legislature had increased the statute of limitations for pending overcharge claims from four years to six years. The motion was granted by the Court without opposition (NYSCEF Doc #157) and Plaintiffs were directed to submit a proposed order to the Court.

On February 1, 2021, Plaintiffs filed their third amended complaint (NYSCEF Doc # 176).

In August 2022, this Court granted Plaintiffs' motion for class certification [2022 NY Slip Op 32752(U)], and Plaintiffs served new discovery notices (see NYSCEF Docs 206-214).

In September 2022, Defendants retained Belkin Burden et al as counsel and a substitution of counsel was filed (NYSCEF Doc 215).

On November 30, 2022, this Court issued a compliance conference order noting that discovery was still outstanding and that the parties agreed to "rolling production of discovery from Defendant to Plaintiff (NYSCEF Doc #227)."

On April 29, 2025, this Court issued a decision on motion seq nos11 and 12, pursuant to which the Court denied Plaintiffs' request for partial summary judgment and granted a conditional preclusion order pursuant to CPLR 3126 [2025 NY Slip Op 31547(U)]. The Court noted:

> Plaintiffs move for an order, pursuant to CPLR § 3126: (a) striking defendants' answer, or (b) precluding defendants from introducing as evidence the discovery it wrongfully withheld from production. The motion focuses on the failure to have timely produced documents from the 1990s to 2012.
>
> Defendants have made a substantial production which they allege took countless hours searching, compiling, digitizing tens of thousands of pages of documents for all 11 buildings. They assert the records produced represent every document they could locate

656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC                              Page 4 of 9
Motion No.  013

4 of 9

dating back to 2012, which coincides with the class certification order. Defendants further assert that as the vast majority of the records predated the time when the documents were kept electronically, they had to go into storage and pull files one by one for this 12-year period of time, and that they even hired an outside service to help with the scanning and the organizing of the documents.

In response to plaintiffs' summary judgment motion, defendant submitted the affidavit of Kobi Zamir ("Zamir"), the Managing Member of Big City Realty Management, LLC ("Big City") which oversees the management of the subject properties herein. The affidavit indicates that while production of post 2012 documents was complete, production of documents from the 1990s through 2012 is not yet complete.

As of the date of oral argument, Defendants' counsel indicated that pre-2012 production had been substantially completed and would be final in a matter of weeks.

*Maddicks v. 106-108 Convent BCR, LLC*, No. 656345/2016, 2025 WL 1237080, at *1 (N.Y. Sup. Ct. Apr. 29, 2025). The Court thus held "(g)iven the above circumstances, the Court finds that defendants should be given one final opportunity to complete production of the pre-2012 documents. Defendants time to produce same is hereby extended through and including May 19th, 2025. Defendants shall be precluded from offering at trial any pre-2012 documents not produced by that date and any post 2012 documents which have not been previously produced." *Id.*

On June 2, 2025, the Court issued an order confirming that all discovery had been exchanged and on July 10, 2025, Plaintiffs filed their note of issue.

## DISCUSSION

### *Movants Have Established A Conflict Requiring Disqualification*

A movant seeking disqualification of an opponent's counsel bears a heavy burden (*Ullmann–Schneider v. Lacher & Lovell– Taylor PC,* 110 A.D.3d 469, 973 N.Y.S.2d 57 [1st Dept.2013] ). A party has a right to be represented by counsel of its choice, and any restrictions on that right "must be carefully scrutinized" (*id.* at 469–470, 973 N.Y.S.2d 57, *quoting S & S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp.,* 69 N.Y.2d 437, 443, 515 N.Y.S.2d 735, 508 N.E.2d 647 [1987] ). This right is to be balanced against a potential client's right to have confidential disclosures made to a prospective attorney subject to the protections afforded by an attorney's fiduciary obligation to keep

656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC                    Page 5 of 9
Motion No.  013

5 of 9

confidential information secret.

*Mayers v. Stone Castle Partners, LLC*, 126 A.D.3d 1, 5–6 (1st Dept., 2015).

Pursuant to Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.9(a), "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing" (*see Kain Dev., LLC v. Krause Props., LLC,* 130 A.D.3d 1229, 1231 [Third Dept.,2015]).

The disqualification of an attorney is a matter that rests within the sound discretion of the court" *Flores v. Willard J. Price Assocs., LLC*, 20 A.D.3d 343, 344 (1ST Dept.,2005). Although a party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right, that right "will not supersede a clear showing that disqualification is warranted" (Marvin Q., 45 A.D.3d 852, 853 (2d Dept., 2007). A party seeking disqualification of its adversary's counsel must establish (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse. *Pellegrino v. Oppenheimer & Co.*, 49 A.D.3d 94, 98 (1st Dept., 2008). Any doubts as to the existence of a conflict of interest are resolved in favor of disqualification. *In re Strasser*, 129 A.D.3d 457, 458 (1st Dept., 2015). Once all three prongs are satisfied a presumption of disqualification arises. *Tekni-Plex, Inc. v. Meyner & Landis*, 89 N.Y.2d 123, 132 (1996). Movants are not required to produce any direct evidence of breach of a confidential relationship. *Obenhaus v. Hudson*, 194 A.D.2d 469, 470 (1st Dept.,1993).

It is undisputed that Newman Ferrara represented the prior owner or current owner of at least five out of the eleven buildings that make up this class action. Representation of prior owner is sufficient to raise the issue of disqualification. *See eg McCutchen v. 3 Princesses & A P Tr. Dated Feb. 3, 2004*, 138 A.D.3d 1223, 1224 (3rd Dept., 2016); *see also Tekni-Plex, Inc. v. Meyner & Landis*, 89 N.Y.2d 123, 133 (1996)(*successor management stands in the shoes of prior management and controls the attorney-client privilege under such circumstances, the prior attorney-client relationship continues with the newly formed entity*); *Kheel v. Cont'l Baking Co.*, 219 A.D.2d 846 (1995)(*irrebuttable presumption of disqualification prevented attorney from further representing tenant in breach of lease dispute; attorney had previously represented part owners of building and currently represented another part owner of building*).[2]

Additionally, the Court finds that the matters are substantially related. Newman Ferrara's prior representation of the landlords involved non-payment proceedings where the legality of the rent sued for was an issue and in some cases defended against rent overcharge claims. Thus, the second prong is also met. Finally, it is clear that the interests of Plaintiffs in this action are materially adverse to those of the defendants.

Plaintiffs argue that most of the attorneys involved in the prior representation have left the firm, and the ones still at the firm had only a limited involvement in the prior representation. The Court finds this insufficient to rebut the presumption of disqualification.

> When an attorney working in a law firm is disqualified from undertaking a subsequent representation opposing a former client, all the attorneys in that firm are likewise precluded from representation. The rule of imputed disqualification reinforces an attorney's ethical obligation to avoid the appearance of impropriety, protects client confidences from misuse in substantially related and adverse litigation, frees the former client from any anxiety that matters disclosed will later be used against it, and provides a clear and readily administered test, thereby encouraging self-enforcement among members of the legal profession.

---

[2] Plaintiffs do not dispute that Defendants have met the first prong of the three-prong test.

**656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC**
**Motion No.  013**

**Page 7 of 9**

[* 7]

*ACP 140 W. End Ave. Assopciates, LP. v. Kelleher*, 1 Misc. 3d 909(A), 781 N.Y.S.2d 622 (Civ.

Ct. 2003).

### Under The Circumstances Herein The Conflict Has Been Waived

Where a party seeks to disqualify its adversary's counsel in the context of ongoing litigation, courts consider when the challenged interests became materially adverse to determine if the party could have moved at an earlier time (*see Matter of Astor Rhinebeck Assoc., LLC v. Town of Rhinebeck,* 85 A.D.3d 1160, 1161, 925 N.Y.S.2d 896). If a party moving for disqualification was aware or should have been aware of the facts underlying an alleged conflict of interest for an extended period of time before bringing the motion, that party may be found to have waived any objection to the other party's representation (*see Matter of Aaron W. v. Shannon W.,* 96 A.D.3d 960, 961, 946 N.Y.S.2d 648; *Lake v. Kaleida Health,* 60 A.D.3d 1469, 1470, 876 N.Y.S.2d 800). Further, where a motion to disqualify is made in the midst of litigation where the moving party knew of the alleged conflict of interest well before making the motion, it can be inferred that the motion was made merely to secure a tactical advantage (*see Matter of Voss v. 87–10 51st Ave. Owners Corp.,* 292 A.D.2d 622, 624, 740 N.Y.S.2d 371).

*Hele Asset, LLC v. S.E.E. Realty Assocs.*, 106 A.D.3d 692, 693–94 (2nd Dept., 2013).

This action was commenced nine years ago. Plaintiffs' first notice of discovery and inspection was served in 2018 and sought records going back to 2005. As outlined above, there was some motion practice regarding the discovery and Defendants agreed to respond to the requests and in 2019, submitted a *Jackson* Affidavit from Mr. Zamir affirming that he had searched for any J-51 related documents, copies of apartment registrations, and documents related to IAIs and MCIs. There was no specific time-period referenced in Mr. Zamir's affidavit.

Defendants reference this Court's April 29, 2025, decision and order as being the first time they were obligated to search records prior to 2012, but this is simply untrue. The initial request for such records was made in 2018. The Court's order in fact said this was a final chance for Defendants to produce such records.

Thus, the Court finds that Defendants knew or should have known of the conflict long before the instant motion was made. The Court also notes that discovery in this action is

**656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC**          **Page 8 of 9**
 **Motion No.  013**

8 of 9

[* 8]

complete. The note of issue has been filed, and the Court has already ruled on Plaintiffs motion for partial summary judgment.  While the Court cannot say this is an eve of trial motion, it would certainly be a substantial hardship for Plaintiffs to obtain new counsel at this late stage of the litigation.

Given the length of time that has elapsed and the fact that Defendants argue the entire action must be dismissed as a result of the conflict the Court is mindful of the possibility that motion is part of a strategy to gain a tactical advantage.  *See eg St. Barnabas Hosp. v. New York City Health & Hosps. Corp.,* 7 A.D.3d 83, 95 [1st Dept., 2004].

Given the totality of the circumstances herein, the Court finds Defendants have waived the right to seek disqualification of Plaintiffs' counsel.

## CONCLUSION

Based on the foregoing the motion and cross-motion are denied in their entirety. The Court has considered the remaining requests for relief and finds them unavailing.

This constitutes the decision and order of the Court.

2025111716324 9SBKRAUSD6 9A4E862CC426F80D1C9A3B02BCE48

__11/17/2025__
DATE

SABRINA KRAUS, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

656345/2016   MADDICKS, THERESA vs. BIG CITY PROPERTIES, LLC
Motion No.  013

Page 9 of 9

9 of 9