Cha v Ryder Truck Rental, Inc.

2026 NY Slip Op 03063

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Angel Cha, Plaintiff-Respondent,

v

Ryder Truck Rental, Inc. et al., Defendants-Appellants.

Decided and Entered: May 14, 2026

Index No. 804102/24|Appeal No. 6608|Case No. 2025-06399|

Before: Webber, J.P., González, Pitt-Burke, Higgitt, Hagler, JJ.

Connors & Connors, P.C., Staten Island (Robert J. Pfuhler of counsel), for appellants.

Napoli Shkolnik PLLC, New York (Aparna S. Pujar of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered July 1, 2025, which, to the extent appealed from as limited by the briefs, directed the matter to proceed to a trial on the issue of damages only, unanimously modified, on the law and in the exercise of discretion, the provisions "directing that the matter be set down for trial on the issue of damages" and "that [the] matter shall proceed to trial on the issue of damages only" stricken and substituted therefor by a provision directing "the matter be set down for trial on the issue of apportionment of liability among defendants and third-party defendant and plaintiff's damages," and otherwise affirmed, without costs.

Supreme Court should have directed the matter to be set down for a trial as to apportionment of liability and damages rather than a trial solely on the issue of damages. Plaintiff's entitlement to summary judgment is not contingent upon the apportionment of liability among tortfeasors (see Basabe v Carrozza, 106 AD3d 641, 642 [1st Dept 2013]). However, defendants raised issues of fact as to the liability of the driver of the car in which plaintiff was a passenger, who was impleaded as a third-party defendant 17 days after the order appealed was entered. Under these circumstances, Supreme Court should have directed that the matter be set down for a trial apportioning liability between the drivers involved in the accident (see Belmer v HHM Assoc., Inc., 101 AD3d 526, 527 [1st Dept 2012]).

Accordingly, the provisions in the order appealed "directing that the matter be set down for trial on the issue of damages" and "that [the] matter shall proceed to trial on the issue of damages only" should be stricken and substituted therefor by a provision directing "that the matter be set down for trial on the issue of apportionment of liability among defendants and third-party defendant and plaintiff's damages."

As it appears that no depositions have been held and the note of issue has not been filed, a joint trial is preferable because the third-party action presents questions of law and fact in common with the main action (see Marbilla, LLC v 143/145 Lexington LLC, 116 AD3d 544, 544 [1st Dept 2014]). It is also likely that almost all the same witnesses will be required (see Williams v Property Servs., 6 AD3d 255, 256 [1st Dept 2004]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026